Peter R Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Deepali A. Brahmbhatt (SBN 255646)
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Direct:      (650) 600-1298
Facsimile:   (949) 258-5081

John E. Lord (SBN 216111)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiff
Johnny Doe, a minor and through his Guardian, Jane Doe, on behalf of himself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY DOE, a minor, by and through his Guardian, JANE DOE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EPIC GAMES, INC., a North Carolina corporation,<br><br>Defendant. | Case No.  4:19cv3629<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**<br><br>**CLASS ACTION** |

Case No. 4:19cv3629
**MEMORANDUM ISO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

# TABLE OF CONTENTS

I.    ISSUES TO BE DECIDED ................................................................................................2
II.   INTRODUCTION ............................................................................................................2
III.  FACTS ..............................................................................................................................3
IV.  ARGUMENT ....................................................................................................................3
    A.    Plaintiff, A Minor Has Demonstrated Need for Anonymity ......................................4
        1.    Plaintiff's Claims Requires Disclosure of Personally Sensitive Information ............5
        2.    Identifying Plaintiff Puts Him at Risk of Retaliation by the Community .................6
    B.    No Factors Weigh Against Protecting Plaintiff Identities at this Juncture .............................7
        1.    Plaintiff Proceeding Anonymously Would Not Prejudice Defendant .......................7
        2.    Keeping Plaintiff's Identity Confidential is In the Public Interest ............................7
V.   CONCLUSION..................................................................................................................9

Case No. 4:19cv3629

**MEMORANDUM ISO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dep't of Fair Empl. & Hous. v. L. Sch. Admis. Council, Inc.*,
   No. C-12-1830 EMC, 2012 WL 3583023 (N.D. Cal. Aug. 20, 2012) ............................... 3, 5

*Doe v. Alger*,
   317 F.R.D. 37 (W.D. Va. 2016) .......................................................................................... 6, 7

*Doe v. Ayers*,
   789 F.3d 944 (9th Cir. 2015) .................................................................................................. 7

*Doe v. Bakersfield City Sch. Dist.*,
   136 Cal. App. 4th 556, 39 Cal. Rptr. 3d 79 (2006) (*also citing John R. v. Oakland
   Unified School Dist., supra*, 48 Cal.3d. 438 (1989).) ............................................................ 5

*Doe v. Bolton*,
   410 U.S. 179 (1973) ............................................................................................................... 4

*Doe v. City of Los Angeles*
   42 Cal.4th 531 (2007) ............................................................................................................. 5

*Doe v. Deschamps*,
   64 F.R.D. 652 (D. Mont. 1974) .............................................................................................. 5

*Doe v. Evans*,
   202 F.R.D. 173 (E.D. Pa. 2001) ............................................................................................. 2

*Doe v. Henry Wirta*,
   Civ. No. 19-cv-00589-JCS (N.D. Cal. Mar. 6, 2019) ............................................................ 4

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*,
   596 F.3d 1036 (9th Cir. 2010) ........................................................................................ 3, 4, 8

*Doe v. Lincoln Unified Sch. Dist.*,
   188 Cal. App. 4th 758 (2010) .............................................................................................. 5, 6

*Doe v. Madison Sch. Dist. No. 231*,
   147 F.3d 832 (1988), vacated on other grounds, 177 F.3d 789 (9th Cir. 1999) (*en banc*) ........ 6

*Doe v. Penzato*,
   No. CV10-5154 MEJ, 2011 WL 1833007 (N.D. Cal. May 13, 2011) .................................... 3

*Doe v. Stegall*,
   653 F.2d 180 (5th Cir. 1981) .................................................................................................. 6

*Does I–XXIII v. Adv. Textile Corp.*,
    214 F.3d 1058 (9th Cir. 2000) ................................................................................................*passim*

*E.E.O.C. v. ABM Indus. Inc.*,
    249 F.R.D. 588 (E.D. Cal. 2008) ........................................................................................ 7

*Jane Roes 1-2 v. SFBSC Mgmt., LLC*,
    77 F. Supp. 3d 990 (N.D. Cal. 2015) ........................................................................... 6, 7, 8

*Johnson v. Superior Court*,
    80 Cal.App.4th 1050 (2000) ................................................................................................ 5

*Publius v. Boyer-Vine*,
    321 F.R.D. 358 (E.D. Cal. 2017) ........................................................................................ 5

*Roe v. Wade*,
    410 U.S. 113 (1973) ............................................................................................................ 4

*Sealed Plaintiff v. Sealed Defendant*,
    537 F.3d 185 (2d Cir. 2008) ............................................................................................... 7

*Starbucks Corp. v. Superior Court*
    (2008) 168 Cal.App.4th 1436, 86 Cal.Rptr.3d 482 ............................................................. 5

*United States v. Doe*,
    488 F.3d 1154 (9th Cir. 2007) ............................................................................................ 4

**Statutes**

Cal. Civ. Code § 1798.91.04 (effective Jan. 1, 2019, operative Jan. 1, 2020) ............................... 6

California Consumer Privacy Act (CCPA effective on January 1, 2020) ..................................... 6

Children's Online Privacy Protection Act ..................................................................................... 6

**Other Authorities**

16 C.F.R. § 312.3 ........................................................................................................................... 6

Fed. R. Civ. P. 5.2(a)(3) ................................................................................................................. 3

Fed. R. Civ. P. 10(a) & 17(a)(1) .................................................................................................... 3

## I. ISSUES TO BE DECIDED

Plaintiff Johnny Doe, a minor by and through his Guardian, Jane Doe, on behalf of himself and all others similarly situated, by and through undersigned counsel, hereby make this Motion to Proceed Under Pseudonyms and seek permission to proceed temporarily in the above-captioned action as pseudonymous Plaintiff. In this class action, Plaintiff brings claims against Defendant Epic Games, Inc. ("Defendant," "Epic"), for violating laws of the state of California for contracting with minors. Amongst other things, Plaintiff confesses that he plays video games including Epic's Fortnite games that are known to be highly addictive. Plaintiff was induced and made several in-App Purchases in a rush of the moment. Facts and extent of Plaintiff's in-App purchases are not known to anyone other than his attorneys and close family members. Plaintiff fears he will needlessly suffer social stigmatization with increased embarrassment, humiliation and emotional distress should the media, his friends, neighbors or others learn of his identity.

## II. INTRODUCTION

Plaintiff Johnny Doe, a minor by and through his Guardian, Jane Doe, on behalf of himself and all others similarly situated, by and through undersigned counsel, hereby make this Motion to Proceed Under Pseudonyms and seek permission to proceed temporarily in the above-captioned action as pseudonymous Plaintiff. In this class action, Plaintiff brings claims against Defendant Epic Games, Inc. ("Defendant," "Epic"), for violating laws of the state of California for contracting with minors. Amongst other things, Plaintiff confesses that he plays video games including Epic's Fortnite games that are known to be highly addictive. (Declaration of Jane Doe ("Doe Decl.") ¶ 2.) Plaintiff was induced and made several in-App Purchases in a rush of the moment. (*Id.*) Facts and extent of Plaintiff's in-App purchases are not known to anyone other than his attorneys and close family members. (*Id.*) Plaintiff fears he will needlessly suffer increased embarrassment, humiliation and emotional distress should the media, his friends, neighbors or others learn of his identity. (*Id.*)

Addiction to video gaming has been compared to that of addiction to drugs. (ECF No. 1 ("Complaint") ¶ 11.) The public has an interest in protecting the identity of minors so that other minors similarly situated will feel more comfortable suing to vindicate their rights. *See, Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Protecting Plaintiff Johnny Doe and his Guardian Jane Doe's identities will not impede the public's ability to follow these proceedings. There is no alternative motive to Plaintiff's

request to proceed under fictitious names. Given the extreme sensitive nature of this claim, Plaintiff's right to privacy outweighs the presumption of openness in Federal court proceedings.

Applicable facts and law described herein, are equally applicable with respect to the anonymity of the Guardian. Disclosing the Guardian will necessarily blow the cover of the minor Plaintiff. (Doe Decl. ¶ 3.) Plaintiff and his Guardian are prepared to provide a statement of their true identities for the Court's in camera review, upon the Court's request. (*Id*.; Declaration of Deepali Brahmbhatt ("Brahmbhatt Decl.") ¶ 2.)

### III.   FACTS

The facts described herein are derived from the allegations in the Complaint, which is being filed contemporaneously herewith. Courts in the Ninth Circuit do not require plaintiff to obtain leave of the court before filing an action using a pseudonym. *See Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011).

Plaintiff, Johnny Doe, is a minor for all the relevant times and continues to be a minor. (Complaint ¶ 4.) The class action Complaint involves controversial topic of video gaming and whether the onus or responsibility rests on the shoulders of the minors, their parents or the Corporations motivated to make billions of dollars by tempting minors to make in-App purchases. Similar to practicing a non-popular religious faith, video gaming and its followers are a cult. The community has strong opinions regarding video-gaming that can lead to social and emotional isolation and abuse.

### IV.   ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Minor plaintiffs routinely use initials instead of disclosing their full name. Fed. R. Civ. P. 5.2(a)(3). The public has a common law right of access to judicial proceedings and a general interest in maintaining their openness. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042-43 (9th Cir. 2010). Special circumstances, however, warrant exceptions to this general rule. The Ninth Circuit and District Courts both in- and outside of this district have granted plaintiffs permission to litigate pseudonymously. *See, e.g., Does I–XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1068-73 (9th Cir. 2000); *Dep't of Fair Empl. & Hous. v. L. Sch. Admis. Council, Inc.*, No. C-12-1830 EMC, 2012 WL

1  3583023, at *1 (N.D. Cal. Aug. 20, 2012) (hereinafter *DFEH v. LSAC*) (granting plaintiff's motion to
2  permit LSAT takers to proceed under fictitious names in class disability discrimination action); *see also*
3  *Doe v. Henry Wirta*, Civ. No. 19-cv-00589-JCS (N.D. Cal. Mar. 6, 2019). While the U.S. Supreme Court
4  has never formally acknowledged the permissibility of using a pseudonym, it has heard cases with
5  pseudonymous plaintiffs without criticism or comment of the practice. *See, e.g., Roe v. Wade*, 410 U.S.
6  113, 124 (1973); *Doe v. Bolton*, 410 U.S. 179, 187 (1973).

7        In the Ninth Circuit, a party may proceed under a pseudonym "when the party's need for
8  anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's
9  identity." *Adv. Textile*, 214 F.3d at 1068 (internal quotation marks and alteration omitted). The Ninth
10 Circuit has instructed that district courts, in conducting the balancing test, must "determine the precise
11 prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be
12 structured so as to mitigate that prejudice," and must further consider "whether the public interest in the
13 case would be best served by requiring that the litigants reveal their identities." *Id*.

14       The decision of whether or not to allow a party to remain anonymous is within this Court's
15 discretion and will not be reversed unless the Court relies on an erroneous view of the law, makes an
16 erroneous assessment of the evidence, or strikes an unreasonable balance of the relevant factors." *See*
17 *United States v. Doe*, 488 F.3d 1154, 1042 (9th Cir. 2007) (*citing Adv. Textile*, 214 F.3d at 1069).  Here,
18 Plaintiff has demonstrated a need for anonymity, and Defendant and the public can identify no legitimate
19 interest requiring Plaintiff and his Guardian to disclose their identity at this time.

20       **A.**    **Plaintiff, A Minor Has Demonstrated Need for Anonymity**

21       In *Adv. Textile*, the Ninth Circuit cited with approval three fact patterns under which other courts
22 have permitted plaintiffs to use pseudonyms: (1) "when identification creates a risk of retaliatory physical
23 or mental harm," considering the severity of the threat, the reasonableness of the party's fears, and the
24 party's vulnerability to the harm; (2) "when anonymity is necessary to preserve privacy in a matter of
25 sensitive and highly personal nature"; and (3) "when the anonymous party is compelled to admit his or her
26 intention to engage in illegal conduct, thereby risking criminal prosecution." *Adv. Textile*, 214 F.3d at 1068
27 (internal quotation marks omitted); *see also Kamehameha Sch.*, 596 F.3d at 1042 (noting the court must
28 balance five factors in case where pseudonym is used to shield party from retaliation, including: "(1) the

severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest" (internal quotation marks omitted)). The facts of this case implicate both the need to preserve highly sensitive and personal information and the risk of retaliation; together, these factors demonstrate a need to proceed using pseudonyms.

### 1.     Plaintiff's Claims Requires Disclosure of Personally Sensitive Information

To proceed in this litigation, Plaintiff will be required to disclose highly sensitive and personal information, including information relating to his technology preferences and video-gaming habits that is information necessarily related to the identities of minor children. *See Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (protecting information related to minors and their identity); *see also Doe v. Bakersfield City Sch. Dist.*, 136 Cal. App. 4th 556, 567, 39 Cal. Rptr. 3d 79, 87 (2006) (*also citing John R. v. Oakland Unified School Dist., supra*, 48 Cal.3d. 438, 446 (1989).); *see also Doe v. City of Los Angeles* 42 Cal.4th 531 (2007); *Johnson v. Superior Court*, 80 Cal.App.4th 1050, 1072 (2000); *Doe v. Lincoln Unified Sch. Dist.*, 188 Cal. App. 4th 758, 766 (2010).

In addition, Plaintiff may disclose information related to medical and psychological symptoms including academic performance at school and physical performance in sports that Plaintiff has suffered as a result of engaging in conduct of playing Fortnite video-games alleged in the Complaint, and being publicly identified with these conditions would be embarrassing to Plaintiff and potentially damaging to his reputation as a developing youth. *See Adv. Textile,* 214 F.3d at 1067-68 (Courts in the Ninth Circuit allow parties to use pseudonyms where "nondisclosure of the party's identity is 'necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981))); *see also DFEH v. LSAC*, 2012 WL 3583023, at *4 (finding anonymous plaintiffs showed need for anonymity where they feared social stigma resulting from public revelation of disabilities). *See also, Publius v. Boyer-Vine*, 321 F.R.D. 358, 361 (E.D. Cal. 2017) (granting request for anonymity when plaintiff writer feared retaliation on social media and blogging.)

It is undisputed in the industry today, that a user's activities on the internet are sensitive personal information. "In *Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436, 86 Cal.Rptr.3d 482, the Court of Appeal noted: "The judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained

wide currency, particularly given the *rapidity* and *ubiquity of disclosures over the World Wide Web.*" *Doe v. Lincoln Unified Sch. Dist.*, 188 Cal. App. 4th 758, 766 (2010) (emphasis added.)

Here, Plaintiff Johnny Doe's conduct relates to his activities on the internet playing Epic's video game Fortnite that is connected on the internet. Recent trends in legislative history and intent make clear the need to protect a user and information related to his activities. *See, for e.g.,* California Consumer Privacy Act (CCPA effective on January 1, 2020); *See* Cal. Civ. Code § 1798.91.04 (effective Jan. 1, 2019, operative Jan. 1, 2020) (requiring reasonable default security measures in hardware involving technology.) Here, there exists a more heightened need because Plaintiff Johnny Doe is a minor. *See* Children's Online Privacy Protection Act ("COPPA"); Rules 16 C.F.R. § 312.3.

### 2.     Identifying Plaintiff Puts Him at Risk of Retaliation by the Community

Identification also exposes Plaintiff to a serious risk of retaliatory physical or mental harm. Plaintiff has a reasonable fear that the community may publicly retaliate against them for filing this lawsuit, which could lead to psychological distress and physical symptoms thereof, as well as have a negative impact on their personal and social lives. (Doe Decl. ¶ 4; Brahmbhatt Decl." ¶ 3.) "This district has thus considered "***social stigmatization***" among the "***most compelling***" ***reasons for permitting anonymity***. This is consistent with the Ninth Circuit's instruction in *Adv. Textile* that anonymity is permitted where the subject matter of a case is "sensitive and highly personal," and where disclosing a party's identity threatens to subject them to "harassment, ... ridicule or personal embarrassment." *See Adv. Textile*, 214 F.3d at 1067–68." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015); *See Doe v. Madison Sch. Dist. No. 231,* 147 F.3d 832, 833 n.1 (1988) ("Doe filed this case using a pseudonym because she feared retaliation by the community"), vacated on other grounds, 177 F.3d 789 (9th Cir. 1999) (*en banc*). Various courts have permitted the use of pseudonyms to protect a party from third-party retaliation. *See, e.g., Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (evidence indicated that the plaintiffs "may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a . . . community hostile to the[ir] viewpoint."); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (Doe plaintiff's identification "would likely increase his risk of such harm from other persons.").

This fear is real: Plaintiff is a minor at a tender age and sensitive emotional and physical development. The risk of suicide in middle school and high schools has increased over the years. The

topic of video gaming is sensitive in schools and kids who take a stance against video-gaming are often ridiculed as nerds and isolated socially. The fact that Plaintiff has filed this lawsuit against a popular video-gaming Company Epic, makes the risk of retaliation and harassment even worse, and there is no indication that the Epic would withhold from continuing its behavior in a public forum. Moreover, Plaintiff is particularly vulnerable to public retaliation by Epic as well because he is still developing himself with future admissions to private schools or colleges at stake when negatively perceived to be litigious, and further discrimination and retaliation may interfere with his life at school, neighborhood and community and ruin his ability to progress in his career and personal life, obtain future employment, and provide for his family. (*Id*.)

### B. No Factors Weigh Against Protecting Plaintiff Identities at this Juncture

#### 1. Plaintiff Proceeding Anonymously Would Not Prejudice Defendant

Defendant cannot assert any legitimate interest in publicizing Plaintiff's identity at this juncture of the litigation, because there is no unfairness or prejudice to Epic from allowing Plaintiff to proceed anonymously at this time. First, and crucially, Plaintiff and his Guardian are willing to reveal their identity to Epic under an attorney's eyes only protective order. (Doe Decl. ¶ 3; Brahmbhatt Decl. ¶ 2.) Accordingly, Epic will have ample ability to defend itself in this litigation. *See SFBSC Mgmt.*, 77 F. Supp. 3d at 995 ("'[W]hatever knowledge defendants have of plaintiffs' identi[t]ies . . . lessens their claims to be prejudiced by the use of pseudonyms.'" (quoting *Adv. Textile*, 214 F.3d at 1069 n.11)). All that Plaintiffs seek is to avoid their personally identifying information being placed in the public record at this time.

Second, Epic is not prejudiced by allowing Plaintiffs to press their claims anonymously at this juncture given the limited, initial stage through which Plaintiffs seek this relief: as Plaintiffs plead their case, and Defendant presents its answer and defenses. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008); *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008) (finding need for anonymity outweighed prejudice to defendants "at the present time," in early stage of proceedings).

#### 2. Keeping Plaintiff's Identity Confidential is In the Public Interest

The public interest in making Plaintiffs' identities publicly known is minimal at best because Plaintiffs' anonymity does not obstruct the public's view of the issues at stake in this litigation. *See Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015). A court has discretion to decide "whether the public's interest in

the case would be best served by requiring that the litigants reveal their identities." *Adv. Textile*, 214 F.3d at 1068. The public interest in learning the Does' identities is not atypically weighty in the present case; Johnny Doe and his Guardian Jane Doe are not public officials, but private citizens seeking to litigate private issues. Further, much of this case will be on the public record: "The basic facts of the plaintiff's conduct and the [Epic's] challenged conduct, the court's reasoning, and the resulting interplay of those things—which is to say, in a word, the law that runs through and results from this case—will be open to the public. And that is the crucial thing." *SFBSC Mgmt.*, 77 F. Supp. 2d at 996.

Additionally, keeping the Does anonymous supports a countervailing public interest. The public has a strong interest in preventing the stigmatization of victims, especially minors and their use of technology and social media including video-gaming and preventing further retaliation against families who speak out. The public also has a strong interest in removing deterrents to victims of social media from vindicating their rights, and fear of social repudiation may chill minors and their guardians' willingness to challenge violations of their rights." *See Adv. Textile*, 214 F.3d at 1073 (citations omitted); *cf. Kamehameha Sch.*, 596 F.3d at 1043 (noting that public's interest in seeing case resolved on merits militated in favor of allowing plaintiffs to use pseudonyms). As such, the public interest in favor of permitting anonymity here overcomes any general public interest in open legal proceedings. The negative societal impact of Plaintiffs choosing not to proceed if they must do so under public scrutiny far outweighs any informational benefit the public may derive from knowing their identities at this time. Thus, Plaintiffs respectfully request that this Court permit them to pursue their claims under pseudonyms to protect their privacy at this stage in the litigation. (Doe Decl. ¶ 5; Brahmbhatt Decl. ¶ 4.)

/ / /

/ / /

/ / /

## V. CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff Johnny Doe and his Guardian Jane Doe, respectfully request that this Court grant their Motion to Proceed Under Pseudonym.  Counsel for Plaintiff respectfully want to notify the Court that if the Court does not grant this request, Plaintiff Johnny Doe and his Guardian Jane Doe, may be left with no-choice but request voluntary dismissal without prejudice.

Dated:  June 21, 2019                                              **ONE LLP**

                                                                                  By:     /s/ Deepali A. Brahmbhatt
                                                                                          Peter R. Afrasiabi
                                                                                          Deepali A. Brahmbhatt
                                                                                          John E. Lord

                                                                                          Attorneys for Plaintiff Johnny Doe and his
                                                                                          Guardian Jane Doe