MATTHEW J. ADLER (SBN 273147)
Matthew.Adler@dbr.com
DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, California 94111-4180
Telephone:    415-591-7500
Facsimile:    415-591-7510

JEFFREY S. JACOBSON (*pro hac vice*)
Jeffrey.Jacobson@dbr.com
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036-2714
Telephone:    212-248-3140
Facsimile:    212-248-3141

Attorneys for Defendant
EPIC GAMES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY DOE, a minor, by and through his Guardian, JANE DOE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIC GAMES, INC.,<br><br>Defendant. | Case No. 4:19-cv-3629<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANT EPIC GAMES, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Action Filed:   June 21, 2019<br><br>Hearing Date: October 1, 2019<br>Time:              2:00 p.m.<br>Courtroom:     1<br><br>*[[Proposed] Order filed concurrently herewith]*<br><br>Trial Date:     None set |

**NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 10(a)**

TO THE COURT AND PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 1, 2019 at 2:00 p.m., or as soon thereafter as this matter may be heard by the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, 4th Floor of the above-entitled court located at 1301 Clay Street, Oakland, CA 94612, Defendant Epic Games, Inc. ("Epic Games"), by and through its counsel of record, will and hereby does move this Court for an order compelling plaintiff "Johnny Doe," a minor, who has filed suit by and through his guardian, "Jane Doe" (together, "Plaintiffs") to comply with Federal Rule of Civil Procedure 10(a). Specifically, Epic Games seeks an order from this Court mandating that minor Plaintiff Johnny Doe sue by his true initials, as contemplated by Fed. R. Civ. P. 5.2(a), and the adult plaintiff who controls this litigation, Jane Doe, identify herself by her full name as required by Fed. R. Civ. P. 10(a).

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support, [Proposed] Order, as well as all papers and pleadings on file herein, and such argument as properly may be presented at the hearing.

Dated: August 26, 2019            DRINKER BIDDLE & REATH LLP


                                  By: /s/ Jeffrey S. Jacobson
                                      Jeffrey S. Jacobson (pro hac vice)
                                      Matthew J. Adler

                                  Attorneys for Defendant
                                  EPIC GAMES, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A)    - ii -    CASE NO. 4:19-CV-3629

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Anonymous Lawsuits Are Permitted Only in Unique, Exceptional Circumstances. ........................................................................................................... 1

    B. Plaintiffs' Purported Need to Proceed Anonymously Does Not Implicate the Highly Intimate, Personal Information Contemplated in *Advanced Textile*. ........... 2

    C. The *Advanced Textile* Factors Weigh in Favor of Disclosing Jane Doe's True Name and Johnny Doe's True Initials. ..................................................................... 3

        1. Plaintiffs Have Not Shown an Objectively Reasonable Fear of Severe Harm. ............................................................................................................. 4

        2. Plaintiffs Have Shown That They Are Vulnerable. ...................................... 6

        3. Plaintiffs' Insufficient Factual Showing Cannot Outweigh the Prejudice to Epic Games. ............................................................................................. 7

        4. The Public Interest Weighs in Favor of Disclosure. ..................................... 8

III. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alyssa C. v. Palo Alto Hous. Corp.*,
   No. C 07-1112 JW, 2007 WL 878524 (N.D. Cal. Mar. 20, 2007) .......................................... 8

*Doe v. Bergstrom*,
   315 F. App'x 656 (9th Cir. 2009) ......................................................................................... 6

*Doe v. Blue Cross & Blue Shield United of Wis.*,
   112 F. 3d 869 (7th Cir. 1997) ............................................................................................... 6

*Doe v. Coder*,
   No. C-10-4756 MMC, 2010 WL 4938282 (N.D. Cal. Nov. 30, 2010) ................................. 7

*Doe v. Frank*,
   951 F.2d 320 (11th Cir. 1992) ............................................................................................ 10

*Doe v. Indiana Black Expo, Inc.*,
   923 F. Supp. 137 (S.D. Ind. 1996) ...................................................................................... 10

*Doe v. Kamehameha Sch.*,
   596 F.3d 1036 (9th Cir. 2010) ..................................................................................... passim

*Doe v. Texaco, Inc.*,
   No. C06-02820 WHA, 2006 WL 2850035 (N.D. Cal. Oct. 5, 2006) ........................ 7, 8, 10

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) ....................... passim

*John Doe v. Lake Oswego Sch. Dist.*,
   No. 3:15-CV-00385-ST, 2015 WL 5023093 (D. Or. Aug. 20, 2015) ................................... 9

*Liberty Media Holdings, LLC v. Swarm Sharing Hash File*,
   821 F. Supp. 2d 444 (D. Mass. 2011) ................................................................................... 6

*Michael v. Bloomberg L.P.*,
   No. 14-CV-2657 TPG, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015) .................................. 11

*R.A. v. Epic Games, Inc.*,
   Case No. 5:19-cv-325-BO (E.D.N.C.) .................................................................................. 9

*Smith v. Patel*,
   No. CV 09-04947 DDP CWX, 2009 WL 3046022 (C.D. Cal. Sept. 18, 2009) .................... 7

*United States v. Air Indus. Corp.*,
   No. 812CV02188JVSRNB, 2016 WL 11515131 (C.D. Cal. Oct. 24, 2016) ...................... 10

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A)   - iv -   CASE NO. 4:19-CV-3629

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1404 .................................................................................................................. 9

Fed. R. Civ. P. 5.2(a) .................................................................................................... ii, 4, 9

Fed. R. Civ. P. 10(a) .................................................................................................ii, 4, 9, 11

ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A)  - v -  CASE NO. 4:19-CV-3629

## I.   INTRODUCTION

Plaintiffs' request to sue Epic Games, Inc. ("Epic Games") anonymously, using only "Doe" pseudonyms, is inappropriate in this matter. Plaintiffs' suit arises from in-game purchases that "Johnny Doe" made while playing Epic Games' highly popular video game *Fortnite*. *Fortnite* has over 200 million players worldwide. There certainly is no stigma associated with playing the game and, accordingly, no reason why Plaintiffs, who propose to represent a class, should receive special anonymity protections unavailable to nearly all litigants. The minor plaintiff therefore should sue by his true initials, as contemplated by Fed. R. Civ. P. 5.2(a), and the adult plaintiff who controls this litigation should identify herself by her full name, as required by Rule 10(a).

Epic Games, accordingly, moves to compel Plaintiffs' compliance with these rules. Ninth Circuit precedent makes clear that plaintiffs may sue under "Doe" pseudonyms only in unusual and extraordinary cases. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) (allowing plaintiffs to proceed anonymously because they demonstrated an objective fear of extraordinary retaliation, including deportation, arrest, and imprisonment if forced to use their true names). This case does not meet the Ninth Circuit's stringent standard.

## II.   ARGUMENT

**A.   Anonymous Lawsuits Are Permitted Only in Unique, Exceptional Circumstances.**

The Ninth Circuit "recognize[s] the paramount importance of open courts." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1046 (9th Cir. 2010). For courts to proceed openly, "[t]he normal presumption in litigation is that parties must use their real names" as mandated by Rule 10(a). *Id.* at 1042. Both the defendant and the general public have a common law right to access judicial proceedings, and that right includes knowing who has filed the suit. *See id.* at 1067. For these reasons, the Ninth Circuit carefully limits the use of pseudonymity, permitting it only in rare and unusual cases where a plaintiff demonstrates that concealing his or her identity is necessary to protect that individual from "harassment, injury, ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1068. This is not such a case and, notably, Plaintiffs' motion did not say it is. Their motion centered instead on the potential that private schools to which Johnny Doe may

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A)   - 1 -   CASE NO. 4:19-CV-3629

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

someday apply would think him too litigious.  That is not a valid basis for pseudonymity.

When a plaintiff seeks to litigate under a pseudonym, the Court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party."  *Advanced Textile*, 214 F.3d at 1068.  Courts applying this balancing test have recognized only three situations where it may be permissible for a party to proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution."  *Id.* (internal quotation marks and citations omitted).  Plaintiffs have not shown and cannot show that any of these situations is presented here.

**B.     Plaintiffs' Purported Need to Proceed Anonymously Does Not Implicate the Highly Intimate, Personal Information Contemplated in *Advanced Textile*.**

The plaintiff, currently identified only as "Johnny Doe," claims to have played *Fortnite*, an extremely popular video game, and to have made an in-game purchase to enhance his gaming experience.  He claims that, as a minor, he should be able to "disaffirm" his purchase even after having used and enjoyed the in-game enhancement, and he further claims that because Epic Games describes certain items available for in-game purchase as "non-refundable," it would not have allowed him to disaffirm his purchase had he asked.  (Plaintiffs' Complaint, notably, does not contend that Johnny Doe ever actually communicated to Epic Games by any means an intention to disaffirm his purchase.)  This claim does not remotely resemble any situation in which Ninth Circuit courts have permitted use of pseudonyms in civil litigation.

The cases cited by Plaintiffs in their *ex parte* Memorandum in Support of Plaintiff's Motion for Leave to Proceed Under Pseudonyms. Dkt. No. 4-1 ("Plaintiffs' Mem.") at 5—which motion the Court granted long before Epic Games was due to respond to their Complaint—demonstrate how far short Plaintiffs fall from meeting their steep burden.  In each of these cases, the subject matter involved extremely sensitive and highly personal information, such as abortion, rape, human trafficking, or sexual abuse.  Johnny Doe, by contrast, is one of over 200 million people to play *Fortnite*.  Plaintiffs' *ex parte* motion stated in conclusory terms that their claims involve highly

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A) - 2 -    CASE NO. 4:19-CV-3629

personal and sensitive information, but a party's bare claim to be "secretive" about a particular subject is not sufficient to permit the use of Doe pseudonyms.

Courts have refused to allow parties to proceed anonymously even when sensitive medical information is involved, or when a party has engaged in prostitution or pornography. *See, e.g.*, *Doe v. Bergstrom*, 315 F. App'x 656 (9th Cir. 2009) (a party's involvement in "prostitution procurement activities" did "not implicate the highly intimate, personal information contemplated in *Advanced Textile*."); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F. 3d 869, 872 (7th Cir. 1997) ("The fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems."); *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011) (finding the potential embarrassment of being associated with the use of hardcore homosexual pornography was not sufficient to permit parties to proceed anonymously, as "mere embarrassment [is] not sufficient to override the strong public interest in disclosure") (citation omitted). Given that anonymity was not permitted in those situations, it should not be permitted here with respect to Plaintiffs' claims about purchase of mainstream enhancements to a popular video game, which are orders of magnitude less sensitive.

**C.     The *Advanced Textile* Factors Weigh in Favor of Disclosing Jane Doe's True Name and Johnny Doe's True Initials.**

Plaintiffs partly premised their motion to proceed pseudonymously on an ill-defined fear of "retaliation."  They cannot credibly contend that Epic Games would retaliate against them, however, so instead, Plaintiffs argued that "the community" might retaliate, without details as to the "community" in question or what form that retaliation allegedly might take.  When confronted with "fear" claims, courts must balance "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile*, 214 F.3d at 1068.  Courts also must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice, and "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* (citation omitted).

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A)     - 3 -     CASE NO. 4:19-CV-3629

The first two factors are the "most important," and a plaintiff seeking to proceed under a pseudonym has the burden to "show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable." *Kamehameha Sch.*, 596 F.3d at 1043 (affirming denial of plaintiffs' motion to proceed pseudonymously in action related to alleged race-based admission policies concerning native Hawaiians). The "reasonableness" element requires "a reasonable person [to] believe that the threat might actually be carried out." *Id.* at 1044. Plaintiffs here have not met their burden. *See e.g., Doe v. Coder,* No. C-10-4756 MMC, 2010 WL 4938282, at *3 (N.D. Cal. Nov. 30, 2010) (noting plaintiff failed to show any fear of harm, let alone "severe harm," and only speculated as to how harm might occur); *Smith v. Patel*, No. CV 09-04947 DDP CWX, 2009 WL 3046022, at *2 (C.D. Cal. Sept. 18, 2009) (Plaintiff failed to demonstrate an objectively reasonable fear of severe harm where he "offer[ed] no specific information suggesting that disclosure of his identity would expose him to a risk of physical or mental harm, relying instead on vague generalizations about risks that all civil rights plaintiffs bear."); *Doe v. Texaco, Inc.,* No. C06-02820 WHA, 2006 WL 2850035, at *5 (N.D. Cal. Oct. 5, 2006) (denying motion by Ecuadorian plaintiffs to proceed anonymously because they did not provide support for claims that they feared violence, intimidation, and kidnapping for ransom or "cite[] any *specific* threats made against them").

### 1.   Plaintiffs Have Not Shown an Objectively Reasonable Fear of Severe Harm.

Plaintiffs have not put forth any facts or evidence demonstrating that they fear severe harm if Jane Doe is named in full and if Johnny Doe is named by his initials. Jane Doe herself does not claim that she faces any personal threat of harm. She instead relies entirely on the possibility that naming her will "blow the cover of the minor Plaintiff" and thus subject Johnny Doe to some unspecified form of reprisals. Plaintiffs' Mem. at 3. But even as to the minor, Plaintiffs' Memorandum relies entirely on hypothetical scenarios and speculation. To support Johnny Doe's contention that he fears severe harm, Plaintiffs' Mem. (at 6-7) alleges:

> Plaintiff is a minor at a tender age and sensitive emotional physical development. The risk of suicide in middle school and high schools has increased over the years. The topic of video gaming is sensitive in schools and kids who take a stance against video-gaming are often ridiculed as nerds and isolated socially. The fact that Plaintiff has

> filed this lawsuit against a popular video-gaming Company Epic, makes the risk of retaliation and harassment even worse . . . .

This is bootstrapping upon bootstrapping. Without any specificity as to the circumstances of Johnny Doe's schooling, Plaintiffs presuppose that: (1) Jane Doe's being named will cause Johnny Doe's schoolmates to learn that he is a plaintiff in this matter; (2) Johnny Doe's schoolmates will see this lawsuit (in which he is notionally seeking a refund for one or more in-game purchases) as his "taking a stance against video gaming"; (3) Johnny Doe's schoolmates will "ridicule" him for this; and (4) Johnny Doe may harm himself as a result.[1]

Epic Games respects all its players and wishes Johnny Doe well. But Plaintiffs do not identify what "behavior" they have in mind, and their claims of fear are tissue-thin. The only *actual* "fear" identified in Plaintiffs' motion is that "private schools and colleges" to which Johnny Doe may someday apply will "perceive[] [him] to be litigious." Plaintiffs' Mem. at 7. Needless to say, no court has ever permitted a plaintiff to proceed anonymously on that basis.

As precedent makes clear, speculation without specific factual support does not suffice as a basis to proceed anonymously. *See e.g., Texaco*, 2006 WL 2850035 at *5 (Allegations that third parties would "subject [plaintiffs] to violence and harassment" and that plaintiffs "would face a substantial risk of kidnapping for ransom and other violence from Colombian paramilitaries" were insufficient where plaintiffs did not cite to any *"specific* threats made against them."); *see also Alyssa C. v. Palo Alto Hous. Corp.,* No. C 07-1112 JW, 2007 WL 878524, at *2 (N.D. Cal. Mar. 20, 2007) (denying plaintiff's motion to proceed anonymously where she alleged disability manifesting as "severe fatigue, social and situational anxiety, compulsive behavior and depression" from which she feared "stigmatization and embarrassment"; she failed to articulate sufficient facts for the court to make findings about the severity of the threatened harm, the reasonableness of her fear, or her vulnerability to retaliation).

---

[1] In March 2019, Epic Games changed its End User License Agreement ("EULA"), to which all *Fortnite* players must agree to begin or continue playing the game, to require disputes between players to be resolved in confidential, binding arbitration, and not in court. If Johnny and Jane Doe wish to pursue their claim out of the public eye, this arbitration process is available to them.

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A) - 5 - CASE NO. 4:19-CV-3629

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

As the Ninth Circuit stated in *Kamehameha*, "[t]o judge the reasonableness of the plaintiffs' fears, we must consider the surrounding context and other listeners' reactions to the threats." *Kamehameha Sch.*, 596 F.3d at 1044. The inquiry implicitly assumes the existence of fear of threatened harm. Here, however, the alleged fear and speculation about "threats" have no asserted basis. Importantly, another minor is pursuing a "disaffirmation" claim against Epic Games, in a case originally filed in this Circuit. That plaintiff has complied with Rules 10(a) and 5.2(a), with the minor suing by his true initials and his parent suing in his real name. *See R.A. v. Epic Games, Inc.*, Case No. 5:19-cv-325-BO (E.D.N.C.) (transferred from the Central District of California pursuant to 28 U.S.C. § 1404). The *R.A.* case further highlights Plaintiffs' inability to make the requisite factual showing to proceed pseudonymously.

Even if Johnny Doe could and does put forth factual evidence to support his alleged fear of severe harm (which he so far has not), Jane Doe still would have had to make her own showing. *See e.g., John Doe v. Lake Oswego Sch. Dist.*, No. 3:15-CV-00385-ST, 2015 WL 5023093 (D. Or. Aug. 20, 2015), at *4 (requiring "Doe" parents to independently demonstrate each *Advanced Textile* factor, separate and apart from the showing put forth by the minor). A claim that naming the parent "will necessarily blow the cover of the minor Plaintiff" is not by itself sufficient. *See id.* (requiring a minor's parents to disclose their names where "plaintiffs [did] not cite, and [the] court did not find, any cases that extend the use of pseudonyms to parents in order to protect the identity of their minor child."). Jane Doe herself has not alleged any objectively reasonable fear.

Because Plaintiffs have not cited any specific reason to believe they would be threatened—beyond, perhaps, not getting into the "private schools" of their choice—the "most important" first and second factors therefore weigh in favor of Epic Games. *See Kamehameha Sch.*, 596 F.3d at 1043. As such, the Court should compel Jane Doe to litigate under her full name.

### 2. Plaintiffs Have Shown That They Are Vulnerable.

The third *Advanced Textile* factor requires the Court to examine whether the party seeking anonymity is unusually vulnerable to retaliation. The Ninth Circuit has recognized that a plaintiff's vulnerability weighs in favor of anonymity only when she establishes that she is *uniquely* exposed to the risk of retaliation. *See Advanced Textile*, 214 F.3d at 1072 (holding nonresident foreign

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A)    - 6 -    CASE NO. 4:19-CV-3629

1  garment workers were uniquely vulnerable to retaliation because they lived in housing provided by
2  the defendant employer, which had the power to have the workers deported almost
3  instantaneously). Here, Plaintiffs have not put forth any actual evidence that they are uniquely
4  vulnerable to retaliation. As such, this factor weighs strongly in favor of requiring Jane Doe to
5  litigate under her true name and Johnny Doe to litigate under his true initials.

### 3. Plaintiffs' Insufficient Factual Showing Cannot Outweigh the Prejudice to Epic Games.

Plaintiffs wishing to proceed anonymously cannot meet their burden simply by arguing that the defendant may not be prejudiced if their identities remain secret. Indeed, in the Ninth Circuit, a court need not even address prejudice to the defendant and the public's interest in the knowing litigants' identities if the plaintiffs fail to establish that they reasonably fear severe harm. *Kamehameha Sch.*, 596 F.3d at 1045. Plaintiffs' lack of specificity on this point ends the inquiry.

Should the Court consider this factor, Epic Games submits that permitting Doe pseudonyms in this case would be fundamentally prejudicial to its ability to defend the case. The Ninth Circuit has recognized that allowing a plaintiff to proceed anonymously may impermissibly prevent a defendant from mounting a defense. *See Advanced Textile*, 214 F.3d at 1072. Here, Plaintiffs already have used the leverage of this Court's *ex parte* pseudonymity order to severely limit the number of company employees—even including in-house counsel—to whom Epic Games' outside counsel may disclose Plaintiffs' actual names for investigatory purposes. *See* Declaration of John Farnsworth dated Aug. 26, 2019, ¶ 15. This demonstrates the impact Plaintiffs' improper attempt to litigate pseudonymously will have on Epic Games' ability to defend itself.

Courts have noted that the mere filing of a case may cause damage to the defendant's reputation and economic harm. *See Doe v. Frank,* 951 F.2d 320, 324 (11th Cir. 1992) (citation omitted). Thus, courts have found that prejudice to the defendant cannot be outweighed by a party seeking to keep her name secret when she fails to establish a "great enough need for pseudonymity." *See United States v. Air Indus. Corp.*, No. 812CV02188JVSRNB, 2016 WL 11515131, at *2 (C.D. Cal. Oct. 24, 2016); *see also Texaco*, 2006 WL 2850035, at *6 (even in early stages of litigation, where a plaintiff fails to put forth a sufficient showing that anonymity is necessary, the prejudice

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A) - 7 - CASE NO. 4:19-CV-3629

1  factor weighs in favor of the defendant); *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996) ("[t]he defendants know the plaintiff's identity, but the anonymity plaintiff seeks would significantly hamper their ability to defend themselves from adverse publicity and other collateral, but inevitable, effects of civil litigation").

### 4. The Public Interest Weighs in Favor of Disclosure.

Finally, Plaintiffs' speculative fears of retaliation do not outweigh the strong public interest in open judicial proceedings. Plaintiffs' desire to litigate anonymously runs contrary to "the public's traditional right of access to judicial proceedings." *See Michael v. Bloomberg L.P.,* No. 14-CV-2657 TPG, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015) ("It is true that plaintiff has offered to disclose his true identity to [defendant] as long as it remains under seal—somewhat mitigating [defendant's] potential prejudice in investigating plaintiff's claims. But this unorthodox arrangement still runs against the public's traditional right of access to judicial proceedings . . . ."). Plaintiffs' arguments to the contrary misunderstand that "[i]n this circuit, the common law rights of access to the courts and judicial records are not taken lightly." *Kamehameha Sch.*, 596 F.3d at 1042. Jane Doe has not demonstrated that her desire for anonymity outweighs the public's interest in knowing who is using its courts.

### III. CONCLUSION

Each of the *Advanced Textile* factors weigh against anonymity in this case. Accordingly, the Court should require minor "Johnny Doe" to litigate under his initials and the adult plaintiff currently identified only as "Jane Doe" to litigate under her full name, as required by Rule 10(a).

Dated: August 26, 2019                DRINKER BIDDLE & REATH LLP


By: */s/ Jeffrey S. Jacobson*
　　　Jeffrey S. Jacobson (*pro hac vice*)
　　　Matthew J. Adler

Attorneys for Defendant
EPIC GAMES, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT EPIC GAMES' INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH FRCP 10(A)    - 8 -    CASE NO. 4:19-CV-3629