Peter R Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Deepali A. Brahmbhatt (SBN 255646)
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Direct:      (650) 600-1298
Facsimile:   (949) 258-5081

John E. Lord (SBN 216111)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiff
Johnny Doe, a minor and through his Guardian, Jane Doe, on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY DOE, a minor, by and through his Guardian, JANE DOE, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>EPIC GAMES, INC., a North Carolina corporation,<br><br>            Defendant. | Case No.  4:19cv3629-YGR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUBMIT RECENT DECISION**<br><br>**CLASS ACTION**<br><br>Date:<br>Time:<br>Courtroom: 1<br><br>Judge Hon. Yvonne Gonzalez Rogers |

## TABLE OF CONTENTS

I. ISSUES TO BE DECIDED ........................................................................................... 1

II. INTRODUCTION AND SUMMARY OF ARGUMENT ......................................... 1

III. FACTS .......................................................................................................................... 2

IV. DEFENDANT'S MOTION FOR LEAVE UNDER CIVIL L.R. 7-3(D)(2) SHOULD BE DENIED IN ITS ENTIRETY ................................................................ 2
    A. Defendant's Motion Is Procedurally Improper ................................................ 2
    B. Facts Found or Alleged in the Attached Judicial Decision Do Not Apply Here ............ 3
    C. The Court May Take Judicial Notice on Its Own .............................................. 4

V. CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Buckeye Check Cashing, Inc. v. Cardegna*,
  546 U.S. 440 (2006)............................................................................................................1

*Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*,
  816 F.3d 1208 (9th Cir. 2016)............................................................................................4

*Flick v. Liberty Mut. Fire Ins. Co.*,
  205 F.3d 386 (9th Cir. 2000)..............................................................................................4

*Garcia v. Central Coast Restaurants, Inc.*,
  Civ. 18-cv-02370-RS, ECF No. 46 (N.D. Cal. Sept. 23, 2019)..........................................4

*Granite Rock Co. v. Int'l Broth. of Teamsters*,
  561 U.S. 287 (2010)............................................................................................................1

*Innovative Sports Mgmt., Inc. v. Robles*,
  2014 WL 129308 (N.D. Cal. Jan. 14, 2014).......................................................................3

*Michael Taylor Designs v. Travelers Property Cas. Co of Am.*,
  761 F. Supp. 2d 904 (N.D. Cal. 2011)................................................................................3

*Rent-A-Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010)..............................................................................................................1

*Rosales-Martinez v. Palmer*,
  753 F.3d 890 (9th Cir. 2014)........................................................................................3, 4

*Tahmasebi v. Gordon Lane Healthcare, LLC*,
  No. G056154, 2019 WL 1450735 (Cal. Ct. App. Apr. 2, 2019).........................................4

**Other Authorities**

Civil L.R. 7-3(d)(2)............................................................................................................1, 2, 3

Fed. R. Evid. § 201(c)(1).........................................................................................................4

## I. ISSUES TO BE DECIDED

1. Whether Defendant's Motion for Leave to submit a Recent Decision (ECF No. 47) should be denied where the motion is procedurally improper under Civil L.R. 7-3(d)(2) and substantively improper because the cited recent decision deals with contract unenforceability for an unlawful purpose, that has little to no relevance to the case at hand.

## II. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Johnny Doe, a minor by and through his guardian Jane Doe opposes Defendant Epic Games, Inc.'s ("Defendant") Motion for Leave of a recent decision that does not apply to the facts here. The recent decision concerns whether the contract at issue was void and unenforceable after formation, and does not concern the relevant issues regarding the disputed contract formation by a minor, as in the present matter.

First, Defendant seeks leave to submit a recent decision under Civil L.R. 7-3(d)(2). This Local Rule, however, only allows for supplementary material "before the noticed hearing date" and the motion to be made "without argument." Civil L.R. 7-3(d)(2). As the hearing date occurred on October 1, 2019, and Defendant sought leave on October 23, 2019, the Motion is untimely. Further, Defendant included argument in its Motion, which is prohibited by the Local Rule.

Moreover, "formation issues are for the Court to decide. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 n.2 (2010). Arbitration may be ordered **_only when_** the Court is satisfied that a contract has been formed. *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 299 (2010)." (emphasis added, ECF No. 47 Ex. A at 5.). Here, there exist serious issues regarding contract formation, including the lack of any evidence in the record that Jane Doe, or any parent of any minor member, consented to the EULA or the amended EULA in light of Section 3 in the amended EULA stating that "TO ENTER INTO THIS LICENSE AGREEMENT, YOU MUST BE AN ADULT OF THE LEGAL AGE" and that "IF YOU ARE UNDER THE LEGAL AGE OF MAJORITY, YOUR PARENT OR LEGAL GUARDIAN MUST CONSENT TO THIS AGREEMENT." (ECF No. 21-1 [Declaration of John Farnsworth, ("Defendant Decl.")], Exhibit

B, Section 3 at 1.) Ironically, as noted, the recent decision cited by Defendant states the same and is consistent with the Court's understanding as stated at the Hearing.

Lastly, the cited recent decision relies on a delegation clause. Both the EULA and the Amended-EULA, however, do not include a delegation clause. (Defendant Decl., Exhibits A-B). Defendant's inclusion of case law application with arbitration delegation clause is inappropriate. (ECF No. 47 at 2.)

## III.   FACTS

The facts at issue here, particularly contract formation, differ from the case cited by Defendant that involves a contract that is undisputedly formed but subsequently void because of unlawful purpose. Here, contract formation is disputed with the minor not recollecting seeing, reading and agreeing to the terms in the EULA or the Amended-EULA. (ECF No. 32 [Declaration of Jane Doe ("Doe Decl.")] ¶¶ 3-5.) Further, his guardian, Jane Doe has stated under declaration that she did not click on the EULA or the Amended-EULA and did not authorize the minor to click on the EULA or the Amended-EULA, and did not consent to EULA or Amended EULA. (*Id*.) The Amended-EULA explicitly states that "TO ENTER INTO THIS LICENSE AGREEMENT, YOU MUST BE AN ADULT OF THE LEGAL AGE" and that "IF YOU ARE UNDER THE LEGAL AGE OF MAJORITY, YOUR PARENT OR LEGAL GUARDIAN MUST CONSENT TO THIS AGREEMENT. (Defendant Decl., Exhibit B at 1.) Thus, here, the contract was never formed.

## IV.   DEFENDANT'S MOTION FOR LEAVE UNDER CIVIL L.R. 7-3(D)(2) SHOULD BE DENIED IN ITS ENTIRETY

### A.   Defendant's Motion Is Procedurally Improper

Defendant's Motion seeks relief under Civil L.R. 7-3(d)(2). (ECF No. 47 at 2.) The Local Rule states:

> *Before the noticed hearing date*, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–*without argument*.

Civil L.R. 7-3(d)(2) emphasis added.

Here, Defendant filed its motion for leave to submit a recent decision on October 23, 2019, more than three weeks after the hearing date on October 1, 2019.  The Rule does not make an exception for decisions issued after the hearing date.  Although it is permissible for a party to seek leave to submit additional authority after a hearing date,  Civil L.R. 7-3(d)(2) is not the proper vehicle to do so.  If it were allowed under L.R. 7-3(d)(2), the parties would endlessly file briefs to get the last word.  *See Michael Taylor Designs v. Travelers Property Cas. Co of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011) ("The local rules are structured to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge.").  Furthermore, the right to consider such authority is a right that should be "exercised sparingly." *Id.* ("it is a right that should be exercised sparingly.").

Moreover, the Local Rule states that the recent authority may be submitted "without argument." Civil L.R. 7-3(d)(2).  Here, rather than just attach the cited case, Defendant's Motion included argument about what this Court allegedly raised at the hearing, Plaintiff's position at the hearing, and a characterization and argument regarding the recent decision's holding and applicability to the present case. (ECF No. 47 at 2.)  Such argument is procedurally improper.  *Innovative Sports Mgmt., Inc. v. Robles*, 2014 WL 129308 at n.2 (N.D. Cal. Jan. 14, 2014) ("The Court strikes the first four paragraphs of the declaration accompanying the statement of recent decisions as those paragraphs contain improper argument on the instant motion" in violation of Civil L. R. 7-3(d)(2)).

    **B.**    **Facts Found or Alleged in the Attached Judicial Decision Do Not Apply Here**

Even if the Court were to substantively consider the recent decision, it has little to no relevance to the issue at hand.  Defendant attempts to side-track the issue of contract formation as the cited case concerns a contract with an unlawful purpose for unenforceability.  While "[i]t is well established that we may take judicial notice of judicial proceedings in other courts." *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014).  Such judicial notice requires "where appropriate, to accept the documents, rather than a characterization of the documents, as the true account." *Rosales-Martinez*, 753 F.3d 895.

PLF'S OPP'N TO DEF.'S MOT. FOR LEAVE TO SUBMIT RECENT DECISION

Defendant's improper characterization attempts to bypass contract formation by stating that "the contract could potentially be void" and hence unenforceable. (ECF No. 47 at 2.) Such characterization is disputed here.

Thus, the Court should deny Defendant's Motion because the recent decision is not relevant to any issues in the pending motion to compel arbitration or transfer. *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 (9th Cir. 2000) (denying request for judicial notice when not relevant to any issue on appeal).

### C.   The Court May Take Judicial Notice on Its Own

Under Federal Rules of Evidence, a Court may take Judicial Notice of facts on its own. Fed. R. Evid. § 201(c)(1). On October 1, 2019, the Court pertinently asked, "How can I enforce an agreement with a party that is ***explicitly denied the ability to contract*** by its own terms?" (Transcript from Court Hearing held on October 1, 2019, ("Hearing Transcript") (emphasis added) at 15:3-5.)

There is no contract without acceptance. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1212 (9th Cir. 2016). When the minor clicking was not authorized to do so by an adult, does not remember reading or clicking the terms and does not have mental capacity to understand the terms of the contract himself (Doe Decl. ¶¶ 3-5.), there is no acceptance and the contract is not formed. *See Tahmasebi v. Gordon Lane Healthcare, LLC*, No. G056154, 2019 WL 1450735, at *2 (Cal. Ct. App. Apr. 2, 2019). *See also Garcia v. Central Coast Restaurants, Inc.*, Civ. 18-cv-02370-RS, ECF No. 46 at * pp. 4-5 (N.D. Cal. Sept. 23, 2019) (denying arbitration because of disputed facts regarding minor's understanding of material contract terms.) Further, the dispute here involves in-App purchases, i.e. microtransactions or contracts, that are offered and accepted without notice of the terms of the EULA or the Amended-EULA. (*See* ECF No. 1 [Complaint], *e.g.*, at ¶¶ 1-18; ECF No. 30 [Opposition to Motion to Arbitrate/Transfer] at 9:10-19.)

//

//

## V. CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff Johnny Doe and his Guardian Jane Doe, respectfully request that this Court deny Defendant Epic's Motion for Leave to Submit Recent Decision that was filed in violation of the local rules, and substantively does not apply here because the issues are distinct and not relevant.

Dated: November 4, 2019                                    **ONE LLP**

By: /s/ Deepali A. Brahmbhatt
    Peter R. Afrasiabi
    Deepali A. Brahmbhatt
    John E. Lord

Attorneys for Minor Plaintiff, Johnny Doe by and through his Guardian Jane Doe