Peter R Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Deepali A. Brahmbhatt (SBN 255646)
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone:    (949) 502-2870
Direct:           (650) 600-1298
Facsimile:     (949) 258-5081

John E. Lord (SBN 216111)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90210
Telephone:    (310) 866-5157
Facsimile:     (310) 943-2085

Attorneys for Plaintiff
C.W., a minor and through his Guardian, Rebecca White, on
behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.W., a minor, by and through his Guardian, Rebecca White, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>EPIC GAMES, INC., a North Carolina corporation,<br><br>        Defendant. | Case No. 4:19cv3629-YGR<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION FIRST AMENDED COMPLAINT**

Plaintiff C.W., a minor, by and through his Guardian, Rebecca White ("Plaintiff") files this First Amended Complaint in response to the Court Order (ECF No. 54) dated January 23, 2019.  Plaintiff brings this class action individually and on behalf of a Class of all those similarly situated for damages and injunctive relief against Defendant Epic Games, Inc. ("Defendant" or "Epic"), and alleges upon personal knowledge as to their own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Declaratory Judgment action for a minor's right to disaffirm in-app purchases in Epic's video game Fortnite including non-refundable purchases and any use of minor's one or more gift cards.

2.      Epic runs a billion-dollar video game company, *i.e.*, it is not a provider of a stand-alone video game software, Epic is a provider of a socially connected video game on the internet.  Epic allows for free downloads of the client-side video game application Fortnite, i.e. video game software that users download on different computing device platforms including iOS, Android, Windows, Mac, PlayStation, Xbox and Nintendo Switch.  Users running Fortnite on their devices connect to Epic's software servers and other users connected through the internet together to create a simulation of the real-world in the digital realm, *i.e.,* cyberworld.  Epic provides a video game service, i.e. entertainment or recreational service through the internet.

3.      The video game Fortnite is targeted at children.  Although offered for free and may be downloaded at no cost, the Fortnite game is designed to induce in-app purchases, i.e. virtual supplies, ammunition, skins, game currency, etc.  These games are highly addictive, designed deliberately so, and tend to compel children playing them to make purchases.

4.      Plaintiff brings this action for declaratory, equitable and monetary relief under the Declaratory Judgment Act, California's contract laws, Consumers Legal Remedies Act Cal. Civ. Code § 1750, *et seq*, Breach of Good Faith and Fair Dealing, Negligent Misrepresentation, Business and Professions Code Sections 17200 *et seq*., and/or for Unjust Enrichment.

/ / /

**CLASS ACTION FIRST AMENDED COMPLAINT**

**PARTIES**

5.      Plaintiff C.W. and his guardian both reside in California.  Plaintiff C.W. at all relevant times was a Fortnite player and a minor.

6.      Defendant Epic Games, Inc. is a video game company with headquarters in North Carolina and an office at 700 Larkspur Landing Circle, Suite 250, Larkspur, California, 94939-1704 located in the Northern District of California. Defendant released Fortnite Save the World and Fortnite Battle Royale in 2017. Both game "modes" are part of the same Fortnite game, and both are immensely popular. As of January 2019, there are an estimated 200 million Fortnite players worldwide. Epic made an estimated $2.4 billion dollars on Fortnite in 2018.

**JURISDICTION AND VENUE**

7.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Defendant.

8.      This Court has personal jurisdiction over Epic Games, Inc. because it has a principal place of business located in Larkspur, California, it conducts substantial business in this District, and a substantial part of the acts and omissions complained of occurred in this District.

9.      Venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendant is subject to personal jurisdiction here and regularly conducts business in this District, it has intentionally availed itself of the laws and markets within this District, it does substantial business in this District, it is subject to personal jurisdiction in this District and because the events giving rise to Plaintiff's claims occurred in this District.

10.      In addition, venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district.

/ / /

**CLASS ACTION FIRST AMENDED COMPLAINT**

1

## STATEMENT OF FACTS

2

### Fortnite

3      11.     Fortnite is an open-world survival video game in which players collect weapons, tools, and

4  resources, also commonly referred as loot, in order to survive and advance in the game.  Fortnite currently

5  includes two game modes: Save the World and Battle Royale.  This Complaint concerns all Fortnite games

6  modes and versions that allow in-app purchases.

7      12.     Fortnite is known for its addictive tendencies and have been compared to crack-cocaine and

8  heroin.  *See* Jef Feely and Christopher Palmeri, Fortnite Addiction is Forcing Kids Into Video-Game

9  Rehab, bloomberg.com (November 27, 2018, 9:21 AM), https://www.bloomberg.com/news/articles/2018-

10  11-27/fortnite-addiction-promptsparents-to-turn-to-video-game-rehab.

11      13.     Players are encouraged to spend money on microtransactions within the game.  *See* Society

12  for the Study of Addiction, Predatory Monetization Schemes in Video Games (e.g. Loot Boxes) and

13  Internet Gaming Disorder (2018) available at https://onlinelibrary.wiley.com/doi/epdf/10.1111/add.14286

14  (last visited May 16, 2019).

15      14.     Players, especially minors, are driven to spend money on in-App Purchases.  Many of these

16  purchases are made in a rush and in the heat of the moment while playing the game.  On information and

17  belief, Epic does not allow in-App purchases to be refunded, except, on some platforms, Epic may allow

18  refund of a total of three items throughout the lifetime of the user and only from those purchases made

19  from the last 30-days.  Some items remain non-refundable and outside Epic's refund policy including for

20  example, Battle Pass or Battle Pass tiers.  *See* Screenshot of Battle Pass with Bundles luring minors to

21  make the purchase by not stating its non-refundable policy at all.

22  / / /

23

24

25

26

27

28

**CLASS ACTION FIRST AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11



12   *See* Screenshots of Battle Pass with Bundles stating in very small inconspicuous text at the bottom
13   right that the purchase is not eligible for refund.

14
15
16
17
18
19
20
21
22
23
24
25
26   / / /
27
28

**CLASS ACTION FIRST AMENDED COMPLAINT**



15. Even when the minors change their mind in a matter of minutes, minors are not able to refund the purchase and disaffirm the contract.

16. In many instances, minors use their own gift card money to make in-app purchases. Even after a change of mind, irrespective of the lapse of time, i.e. within minutes or longer, minors are not allowed a refund.

17. Fortnite does not include any inbuilt parental controls that would allow parents or guardians of minors to make informed decisions regarding in-app purchases.

18. Fortnite's microtransactions involve monetization schemes designed to target minors. Fortnite uses virtual game currency known as V-Bucks ("Game Currency") making it easier for minors to spend in the context of game play without realizing that they are spending actual cash.

19. Fortnite does not include disclosures or notifications of how much money has already been spent. The minor playing Fortnite has no way of knowing and cannot track the money already spent. By keeping such data on money already spent today, this week or this month hidden, the minor is left less equipped to critically appraise the reasonableness of making additional in-app purchases.

///

**CLASS ACTION FIRST AMENDED COMPLAINT**

**Digital Content**

20.     Fortnite's digital content, broadly speaking, includes two types of content: (i) related to items; and (ii) related to play modes that also allows unlocking of additional items.  Both are for entertainment purposes for a user's enjoyment when playing the video game.

21.     Fortnite's digital content items include, for example, virtual supplies, ammunition, skins, motes, Outfits (for e.g., "Rox Progressive, Sentinel, Bunker Jonesy), Wraps (Sentinel, Ripe), Glider, Harvesting Tool, 1 Music Track.  Epic provides these digital content items as part of an entertainment service for recreation purposes.

22.     Fortnite's digital content related to play modes include Battle Pass and related bundles or season matches.  Battle Pass, in general, changes the play mode level of a user in the game as well as unlocks additional digital content.  For example, Season Match, Season Friend Match, Battle Pass, Battle Pass tiers allow players to play in a Battle Royale mode that unlocks in-game extras, *i.e.*, additional character and weapon skins, emotes or Sprays that act as recreation or entertainment service boosters.

23.     Fortnite's digital content is updated every week including comprehensive updates every other week.

24.     After purchasing digital content items, minors are tempted and induced to make more purchases within a short frame when newer content is made available and the purchase already made feels stale.  Minors are not able to enjoy purchases already made to the fullest extent because of Epic's frequency of pushing out newer items every week.

**V-BUCKS ("Game Currency")**

25.     Fortnite's in-game currency is V-Bucks.

26.     Players can earn V-Bucks in-game or purchase them for money. However, earning V-Bucks in the game is a difficult and inconsistent process due to the amount of playtime required and the randomness at which V-Bucks are offered as rewards. By making V-Bucks inordinately difficult and time consuming to earn, Epic creates a "paywall," thus inducing players to purchase V-bucks instead of earning them.

/ / /

**CLASS ACTION FIRST AMENDED COMPLAINT**

27.     One hundred V-Bucks generally costs around $1.00. However, a player can obtain V-Bucks at a discount by purchasing a higher quantity. For example, for a price of $99.99, a player can purchase 13,500 V-Bucks, a $135.00 value.

28.     The V-Bucks system allows Epic to play several tricks on its players, especially its minor players. First, because players have converted their money to V-Bucks, it is difficult for players to conceptualize how much actual money they have spent on purchases. This is especially effective on minors who may not have a firm understanding or conceptualization of the relation of money spent to V-Bucks spent.

29.     This lack of understanding is especially apparent given many young players' willingness to spend hundreds or even thousands of dollars on V-Bucks.  If a player was confronted with the amount of money he or she would need to spend at the time of purchase, as opposed to when the player has purchased the game and is invested in playing, most players would think that hundreds of dollars, let alone thousands of dollars, is an exorbitant price to pay to play a video game.

30.     Second, by only allowing V-Bucks to be purchased in currency packs, and setting the price of items at odd amounts, Epic is playing the "10 hotdogs, 8 buns" trick. The amount of V-Bucks in a currency pack almost never corresponds evenly to the price of items. Using this system, Epic perpetuates a cycle of constantly needing V-Bucks, and never having enough, which leads players to purchase more.

31.     Third, Epic does not provide players a history of their purchases in-game or otherwise, it is very easy for players to spend an exorbitant amount of V-Bucks without knowing exactly when and what amount of V-Bucks were spent at any given time.

32.     Finally, Epic's induces players into making more purchases by making the purchase process incredibly easy. Once a player enters and saves a payment method, that player can purchase more V-Bucks at a whim almost instantly. In practice, that means minors can use their parents' credit cards to make an endless number of purchases, with or without permission. The ease of purchase combined with the constant cycle of needing V-Bucks for the latest and greatest items results in more purchases.

**Fortnite In-App Purchases**

33.     Fortnite can be played on different platforms and computing devices including PC, Xbox 1, PS4, iOS, Nintendo Switch, and Android.

**CLASS ACTION FIRST AMENDED COMPLAINT**

34.     Plaintiff C.W., a minor, downloaded and installed Fortnite in and around 2018.  C.W. uses different platforms to play Fortnite including Sony Playstation 4, and Windows 10 Personal Computer.

35.     While on its face it appears that Epic requires that terms of use be accepted by legal adults 18 years and older, Epic targets minors.  An agreement that explicitly requires an acceptance by an adult cannot apply to a minor.  Epic is willfully blind in designing mechanisms that do not provide any means for minor children to download and confirm approval from a Guardian.

36.     Any Epic's terms of use including arbitration and class action waiver clauses are not applicable to minors.

37.     After installation, Epic does not provide mechanisms for any parental control including requiring authorization of any in-App purchases.  Epic purposefully makes in-App purchases easy one-click requests.

38.     Plaintiff C.W., a minor, does not recollect seeing, reading or agreeing to the EULA or any amended EULAs.  Guardian White did not see, read, or agree to any of Epic's EULAs.  She did not authorize him to accept any EULAs.

39.     Plaintiff C.W, a minor, has made several in-App purchases, including for example, Battle Pass or Battle Pass Tiers.  Plaintiff C.W. wanted to disaffirm the in-App purchases related to Battle Pass and request a refund but was not allowed to do so within the Fortnite ecosystem.  Within the Fortnite ecosystem, Battle Pass or Battle Pass Tiers are non-refundable.

40.     Plaintiff C.W, a minor, has made several in-App purchases, including for example, skins. Plaintiff C.W. wanted to disaffirm the in-App purchases related to skins purchased more than 30 days ago and request a refund but was not allowed to do so within the Fortnite eocsystem.  Within the Fortnite ecosystem, purchases older than 30 days are non-refundable.

41.     Plaintiff C.W., a minor, has made V-Bucks purchases without understanding that amounts involved in actual money to-date, that day, that week or that month.  Plaintiff C.W. has made V-Bucks purchases through his parent's credit cards and debit cards that were available from his gaming platforms. His parent did not consent to use of such information.

42.     Plaintiff C.W., a minor, has used his own money through gift cards received on social occasions including birthdays and such.  He has used gift cards on more than one occasion, including gift

**CLASS ACTION FIRST AMENDED COMPLAINT**

cards from Epic payment vendors, Playstation and Apple iTunes.  Subsequent to the purchases, Plaintiff C.W. wanted to cancel those purchases but was not allowed to do so under Epic's non-refundable policy.

43.     Prior to making the in-App purchases, Plaintiff C.W. was not aware of the non-refundable policy for Battle Pass, non-refundability of purchases older than 30 days and non-refundability of any items after exhausting three refunds for a given lifetime.  Minor Plaintiff and class members are not buyers who would look for refund policy options at the time of purchase.

44.     Epic does not send a receipt or notification of in-App purchases at the time of purchase. Plaintiff C.W.'s parent did not receive any notifications of the in-App purchases.  In many instances, during the early use of Fortnite, Plaintiff C.W's parent reviewed her credit cards, debit cards and bank account information months after the purchases occurred and did not know of the amounts spent at the time of purchase.

45.     After making those purchases, within the Fortnite ecosystem, Plaintiff C.W. attempted to request refunds but none of his purchases qualified for a refund.  Before hiring counsel in this action, Plaintiff C.W. and his parent were not aware of a minor's right to disaffirm and get refunds on any and all in-App purchases without any restrictions.

46.     Prior to filing this action, Plaintiff C.W. relied on Epic's misrepresentation regarding non-refundability for Battle Pass purchases and non-refundability of purchases, for example, skins, older than 30 days.

47.     Plaintiff C.W. has not been able to earn sufficient V-Bucks within the game and all of his in-App purchases were purchases made through credit cards or debit cards from the gaming platform or gift cards.

**Epic Induces Minors to make frequent In-App Purchases**

48.     Epic induces minors to make purchases by its operation of V-Bucks currency within Fortnite ecosystem as outlined in V-Bucks section at paragraphs 25-32 above.  Plaintiff C.W., a minor, has made purchases of V-Bucks.

49.     Epic induces minors to make in-App purchases by promoting deals and price-cuts on different purchases that appear very enticing.  *See*, for example, screenshot above showing bundle of items

/ / /

valued at 10,000 V-Bucks after a price cut from 4,700 V-Bucks, currently offered at 2,800 V-Bucks. Plaintiff C.W., a minor, has made purchases after viewing promotional deals and price-cuts.

50.    Epic induces minors by concealing the terms of the in-App purchase at the time of purchase by not displaying non-refundability or by displaying non-refundability in very small font.

51.    Epic induces in-App purchases by allowing one-click and easy to make in-App purchases within Fortnite.  Plaintiff C.W., a minor, has made one-click purchases.

52.    Epic further induces minor in-App purchases by not incorporating any parental or guardian controls to promote prudent behavior in minors.  Epic does not send any in-App purchase notification to guardians making early detection of purchases difficult.  Plaintiff C.W.'s guardian did not receive any notifications of any of the early purchases when she was not routinely monitoring her credit cards, debit cards and bank account information.

53.    Epic does not provide in-App purchase history or summary of amounts already spent today, this week, this month or this year.  Minors do not have information to make reasonable and prudent choices with in-App purchases.  Plaintiff C.W. did not have information on his own purchase history or summary of amounts already spent with in-App purchases.

54.    Epic further induces frequent in-App purchases by pushing newer content every week and comprehensive updates every other week.  Any purchase already made becomes stale quickly.  Minors are induced to make frequent in-App purchases to keep up with their peers on whatever is the current fad. Plaintiff C.W. has felt dissatisfied with items including skins purchased that became stale within a week.

55.    Epic also induces minors to play for long hours and even during night to advance their levels, thereby promoting in-App purchases when minors are overall tired.  Plaintiff C.W. has played Fortnite for more than six hours to adversely affect his sleep at night and overall health.  He has also played Fortnite at nights during his regular sleeping window further affecting his sleep and health adversely.  Plaintiff C.W. has made in-App purchases when he was tired after playing for long hours or playing at night.

56.    By operation and policies of the Fortnite ecosystem, Epic is benefiting by luring minors into making in-App purchases that test the tolerance levels of parents.  In many instances, parents ignore these expenses as onesie-twosie expenses at the early stages of using Fortnite.  In many instances, during

**CLASS ACTION FIRST AMENDED COMPLAINT**

the early use of Fortnite, Plaintiff C.W's parent reviewed her credit cards, debit cards and bank account information months after the purchases occurred and did not know of the amounts spent at the time of purchase.  By making Fortnite ecosystem unavailable to request refunds, while making the same ecosystem easy for one-click purchases, Epic is running an unfair system.

**Epic Misleads or Misrepresents Information related to In-App Purchases**

57.     Epic misleads or misrepresents the applicable law for transactions including in-App purchases with minors.  Epic knows that majority of its players are minors.  Upon information and belief, Epic also knows that in the State of California and most states nationwide, the law allows minors to disaffirm contracts.  Epic also knows that a minor can request a refund without any restrictions, the law permits a minor to do so.  Yet, Epic operates a non-refund policy that misleads, misrepresents and does not acknowledge a minor's right to get a refund.

58.     Before hiring counsel in this action, Plaintiff C.W. and his parent were not aware of a minor's right to disaffirm and request a refund.  On information and belief, Epic's customer support routinely sends emails to minors stating in-App purchases are non-refundable.

59.     By no later than the filing date of this lawsuit, Plaintiff disaffirmed all in-App purchases made through Fortnite to-date and requested a refund.

60.     During the early use of Fortnite, a parent may not be monitoring his or her own credit card, debit card or bank account information closely.  In such instances, the early purchases go undetected for a long period of time.  Epic does not send a receipt or notification of in-App purchases at the time of purchase.  Plaintiff C.W.'s parent did not receive any notifications of the in-App purchases.  In many instances, during the early use of Fortnite, Plaintiff C.W.'s parent reviewed her credit cards, debit cards and bank account information months after the purchases occurred and did not know of the amounts spent.

61.     Epic misleads or misrepresents actual amounts spent on an in-App purchase by using intermediary V-Bucks amounts that require difficult calculations to figure out the accurate amounts spent.  Plaintiff C.W. did not calculate or understand the actual amounts spent when making in-App purchases.  *See* details on operation of V-Bucks currency as outlined in V-Bucks section at paragraphs 25-32 above within Fortnite.

/ / /

62.     Epic conceals and misleads minors by not displaying the terms of the in-App purchase at the time of purchase including non-refundability or by displaying non-refundability in very small font at the side.  By not including any visibly cautionary language at the time of promoting in-App purchases, Epic is misleading the minors.

63.     Epic misleads or misrepresents the current value of a digital content item by not disclosing when newer related content will be published.  Minors have no way of knowing, for example, if a skin they are purchasing today will become stale within a day or two, or a week when newer content is published.

**Related FTC Actions and District Court Cases**

64.     Courts have found in-app purchases by minors using the apps that are unauthorized by adult account holders are harm to the account holders suitable for monetary relief.   *See* Apple Settlement Order by this Court, *In re Apple in-App Purchase Litigation*, Civ. No. 5:11-cv-01758-EJD (N.D. Cal. October 18, 2013).  "Apple shall provide full refunds to Account Holders who have been billed by Apple for unauthorized In-App Charges incurred by minors."  FTC Consent Order, *In the Matter of Apple Inc*., Docket C-4444 (Mar. 25, 2014).  "Google shall provide full refunds to Account Holders who have been billed by Google for unauthorized In-App Charges incurred by minors" FTC Consent Order, *In the Matter of Google, LLC*, Docket C-4449 (Dec. 2, 2014).

65.     The District Court of Western District of Washington has also found that all in-app purchases made by children 17 and under are included in the harm when the account holder authorized the use of the app by children but did not authorize the specific in-app purchases.  *FTC v. Amazon*, Civ. No. 14-1038-JCC ECF No. 287 at p. 11 (W.D. Wash., Nov. 10, 2016) ("Finally, the Court is not persuaded by Amazon's argument that purchases made by children age 13 and older are not part of the harm in this matter. As the FTC points out, the FTC never made any sort of concessions on the scope of liability by using search terms like "pre-teen" and "under-13" during discovery. The Court agrees. This case deals with all unauthorized in-app purchases made by children. Children between ages 13 and 17 are included in this definition because drawing a line at age 13 would be an arbitrary distinction for which the Court finds no basis under these facts. Therefore, all unauthorized in-app purchases by children, not just those age 12 and under, are included in the potentially eligible transactions.")

**CLASS ACTION FIRST AMENDED COMPLAINT**

1

## CLASS ALLEGATIONS

2      66.     The class period began when Epic introduced the Fornite games with in-App purchases in

3   or around 2017.

4      67.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of

5   himself and the following proposed "Nationwide Class":

6              All minors in the United States, within the applicable statute of

7              limitations, who made an in-App purchase that was non-refundable or made an in-

8              App purchase with their own gift card.

9      68.     Plaintiff also seeks to represent the following "California Sub-Class":

10             All minors in the state of California, within the applicable statute of

11             limitations, who made an in-App purchase that was non-refundable or made an in-

12             App purchase with their own gift card.

13     69.     The Nationwide Class and the California Sub-Class will be referred to collectively as the

14  "Class."

15     70.     Excluded from the proposed class are Defendant and its affiliates, its employees, officers,

16  directors, legal representatives, heirs, successors, subsidiaries and affiliates, and the judicial officers and

17  their immediate family members and associated court staff assigned to this case, as well as all persons who

18  make a timely election to be excluded from the proposed class.

19     71.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff

20  can prove the elements of his claims on a class-wide basis using the same evidence they would use to

21  prove those elements in individual action alleging the same claims.

22     72.     This action meets all applicable standards of Fed. R. Civ. P. 23 for class certification, in

23  that Plaintiff can demonstrate the elements delineated below.

24     73.     Numerosity. The members of the proposed Class are so numerous and geographically

25  dispersed that individual joinder of all proposed class members is impracticable. *See* Fed. R. Civ. P.

26  23(a)(1).  While Plaintiff believes that there are millions of members of the proposed class, the precise

27  number of Class members is unknown, but may be ascertained from Epic's books and records.  On

28  / / /

**CLASS ACTION FIRST AMENDED COMPLAINT**

information and belief, Epic maintains a list of users that includes personal information for the user including age and whether they have made in-App purchases.

74.     Applying a reasonable and prudent person standard to the minor users of Fortnite under the same or similar circumstances, each minor user would qualify to be a Class Member requesting the right to cancel and get refund on their in-App purchases.  Any reasonable and prudent person under the same or similar circumstances wants to have the flexibility to disaffirm an in-App purchase that was made in a rush or heat of the moment while playing the game.

75.     Class members may be notified of the pendency of this action by recognized, court approved notice dissemination methods, which may include U.S. mail, e-mail, internet postings, and/or published notice.

76.     <u>Commonality and Predominance.</u> This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. *See* Fed. R. Civ. P. 23(a)(2) and (b)(3). These include, without limitation:

        a.      Whether Epic engaged in the conduct alleged in this Complaint;

        b.      Whether Epic designed, advertised, marketed, distributed, sold or otherwise placed video game Fortnite into the stream of commerce in the United States;

        c.      Whether Epic's Fortnite in-App purchase non-refundable policy for minors violates state contract laws;

        d.      Whether Epic's Fortnite in-App purchase policy using gift cards from minors violates state contract laws;

        e.      Whether Plaintiff and members of the Class are injured and harmed directly by Epic's policies and enticement to entrap minors into making in-App purchases;

        f.      Whether Plaintiff and members of the Class are entitled to damages due to Epic's conduct as alleged in this Complaint, and if so, in what amounts; and

        g.      Whether Plaintiff and members of the Class are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint.

/ / /

77.     Typicality. Plaintiff's claims are typical of the putative class members' claims because, among other things, all such Class members were comparably injured through Epic's wrongful conduct as described above. *See* Fed. R. Civ. P. 23(a)(3).  Epic's creation and enforcement of its in-App purchase policy is uniform for all Plaintiff and Class Members.

78.     Adequacy. Plaintiff is adequate proposed class representative because his interests do not conflict with the interests of the other members of the proposed Class they seek to represent; because he has retained counsel competent and experienced in complex class action litigation; and because they intend to prosecute this action vigorously. The interests of the proposed class will be fairly and adequately protected by Plaintiff and their counsel. *See* Fed. R. Civ. P. 23(a)(4).

79.     Declaratory and Injunctive Relief. Epic has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the proposed Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the proposed Class as a whole. *See* Fed. R. Civ. P. 23(b)(2).  Epic's wrongful conduct alleged herein is not a result of a one-time accidental software bug but is grounded in Epic's policy that is enforced uniformly.  Epic's in-App purchase non-refundable policy was intentionally created.  Epic's in-App purchase policy is intentionally enforced on all users.  Plaintiff's and Class Members injuries are real, immediate and ongoing.  Plaintiff and Class Members seek injunctive and declaratory relief from Epic.

80.     Superiority. A class is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and putative Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Epic, so it would be impracticable for members of the proposed Classes to individually seek redress for Epic's wrongful conduct.

81.     Applying the principles of equity or balance of equities, expecting an individual Plaintiff who is at a disadvantage with limited resources and spending capacity, and with minimal negotiating power, if any, to litigate claims against Epic, a billion-dollar corporation that has immense resources and deep pockets would be unfair.  Class actions are a necessary and essential means to provide for public-

/ / /

**CLASS ACTION FIRST AMENDED COMPLAINT**

interest litigations with checks and balances to curtail the growing power of private corporations including Epic.

82.     In the interest of public policy and recent trends of privacy concerns including safeguarding the use of the internet by minors, the Court should recognize the right of Plaintiff and Class Members to get refunds on spur of the moment purchases that are subsequently regretted.  Laws protecting minors are equally applicable in the cyberworld.

83.     Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. *See* Fed. R. Civ. P. 23(b)(3).

**VIOLATIONS ALLEGED**

**COUNT I**

**DECLARATORY JUDGMENT**

84.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 83, above.

85.     On information and belief, Epic's Fortnite is approved for children 13 years and older. Epic knows that many minors, including children younger than 13, play Fortnite.  Epic's in-App purchases are an offer to minors.  All in-App purchases by minors are acceptance.  Epic enters into a contract with a minor when an in-App purchase by the minor is confirmed.  Epic gives the consideration of digital content and entertainment service of in-App purchases, i.e. skin, motes, v-bucks etc. exchanged for consideration of returned purchase value in actual money from the minor.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 20-24 in Section Digital Content above.

86.     Under California law, and equivalent law in most states nationwide, minors have the right to disaffirm contracts such as those at issue here. Cal. Fam. Code § 6710 (2010).

87.     Minor may disaffirm or a guardian may disaffirm a contract on behalf of a minor.  By no later than the filing date of this lawsuit, Plaintiff disaffirmed all in-App purchases made through Fortnite to-date and requested a refund.  Plaintiff seeks injunctive relief on behalf of his class for future and

prospective transactions on the Epic Games video gaming platform and ecosystem to allow for refunds on all in-App purchases without restrictions.

88.    The contracts between Defendant and the members of the Class are voidable – a fact that Defendant denies.

89.    Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

90.    This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) the sales contracts between Defendant and the children of the class members, relating to the purchase of Game Currency, are voidable at the option of the respective class members on behalf of their minor children; (c) if the class members elect to void the contracts, they will be entitled to restitution and interest thereon; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiff and the Class is appropriate; and (e) such other and further relief as is necessary and just may be appropriate as well.

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT ("CLRA")

### Cal. Civ. Code § 1750, *et seq.*

91.    Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 90, above.

92.    Plaintiff and the other class members are consumers within the meaning of Cal. Civ. Code § 1761(d).

93.    Epic provides an entertainment service through its in-App purchases using internet and cloud-based technology.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 2, 3, 10-18 above.

94.    Epic violated CLRA's proscription against the concealment of the characteristics, use, benefit, or quality of entertainment services by actively marketing and promoting certain in-App game purchases with the intent to induce minors to make purchases.  Epic conceals the properties of the entertainment service products by, in many instances, not displaying that all purchases are refundable for

/ / /

**CLASS ACTION FIRST AMENDED COMPLAINT**

minors nationwide.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 48-63 in Sections Epic Induces Minors and Epic Misleads and Misinforms Minors above.

95.     Epic has violated: (a) § 1770(a)(5)'s proscription against representing that the services have uses or characteristics they do not have.  Epic represents through its pop-ups in marketing within the Fortnite ecosystem that buying a digital item is a great value proposition and is offered at a discounted price when Epic knows that soon such a digital item will be stale when newer content is published within a week or less.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 57-63 in Section Epic Misleads and Misinforms Minors above.

96.     Epic has violated: (b) § 1770(a)(7)'s proscription against representing that services are of particular standard or quality when they are of another.  Epic represents through its pop-ups in marketing within the Fortnite ecosystem that buying a digital item is the latest and in keeping with the current fad when Epic knows that soon such a digital item will be stale when newer content is published within a week or less.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 57-63 in Section Epic Misleads and Misinforms Minors above.

97.     Epic has violated (c) § 1770(a)(14)'s proscription against "Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."  Epic makes in-App purchases non-refundable when such non-refundability is prohibited by law when purchased by minors.  Epic makes in-App purchases stale within a short time period, a week or less, after purchase by pushing out newer content.  The in-App purchases lack the particular standard or quality by becoming stale soon after purchase, thereby, not allowing full enjoyment of the purchase.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 57-63 in Section Epic Misleads and Misinforms Minors above.

98.     Epic owes a duty of care to disclose material facts, including non-refundable terms and historical statements of in-App purchases made to-date when dealing with vulnerable class of consumers, *i.e.* minors.  Plaintiff C.W. and Guardian White did not receive any notification of in-App purchases from Epic at the time of purchase.  For in-App purchases that were charged through the underlying gaming platform or Epic's payment vendors, Plaintiff C.W. did not have access to any of the bank or credit card

/ / /

**CLASS ACTION FIRST AMENDED COMPLAINT**

financial statements.  Plaintiff C.W. was not aware of the total amounts he was spending with in-App purchases.

99.     Plaintiff and the Class suffered actual damages as a direct and proximate result of Epic's actions, concealment and/or omissions in the advertising, marketing and promotion of its bait Apps, in violation of the CLRA, as evidenced by the substantial sums Epic pocketed.

100.     Plaintiff, on behalf of himself and for all those similarly situated, demand judgment against Epic for equitable relief in the form of restitution and/or disgorgement of funds paid to Epic.

101.     In accordance with § 1782(a) of the CLRA, on May 17, 2019, counsel in this class action served Epic, by certified mail requiring return receipt, with notice of its alleged violations of the CLRA. This letter applies equally to all equivalent consumer protection legal remedies in all states nationwide.

102.     Epic has not met the demand set forth in that letter, and therefore Plaintiff here seeks the following relief under CLRA § 1780, for Epic's violations of CLRA §§ 1770(a)(5) and (a)(7):

- Actual damages under Cal. Civ. Code § 1780(a)(1);
- punitive damages under Cal. Civ. Code § 1780(a)(4);
- attorneys' fees and costs under Cal. Civ. Code § 1780(d); and
- any other relief the Court deems proper under Cal. Civ. Code § 1780(a)(5).

103.     Plaintiff, on behalf of himself and on behalf of a similarly situated Class of consumers also seek injunctive relief under Cal. Civ. Code § 1780(d).

## COUNT III

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

104.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 103, above.

105.     Epic's contracts with Plaintiff and the Class included the term, implied at law in all contracts, requiring the parties to exercise "good faith and fair dealing" in all duties relating to the performance of the contract. By engaging in the misconduct alleged herein, Epic has breached its contractual duty of good faith and fair dealing with Plaintiff and the Class.

106.     The elements of a cause of action for breach of the covenant of good faith and fair dealing are: (1) an agreement between the parties, (2) plaintiff's performance, (3) defendant engaged in conduct

separate and apart from the performance of obligations under the agreement without good faith and for the purpose of depriving plaintiff of rights and benefits under the agreement, and (4) damages to plaintiff. All of the necessary elements are pled in this complaint.

107. Each of the in-App purchase by a minor is an agreement between the parties. Minors' pay the price demanded on the transaction. Minors' performance is not disputed.

108. Epic has engaged in conduct separate and apart from the performance of obligations under the agreement without good faith and for the purpose of depriving minors' rights and benefits under the agreement. For example, first, Epic lures the Minor into making the in-App purchase by marketing and not displaying non-refundability conspicuously. Second, after the Minor makes the in-App purchase, Epic pushes newer content within a short period of time of the purchase. Epic conceals at the time of purchase when newer related content will be released. Such lack of information makes the minor believe he or she is entering into an attractive transaction. Epic then releases new content that makes the already purchased content stale within a short period. Minors are not able to enjoy the benefits of the already purchased items under the agreement. Last, Epic promotes non-refundability within the Fortnite ecosystem making minors believe that minors cannot recover the amounts spent on digital content they no longer enjoy because of Epic's non-refundable policy. Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 48-63 in Sections Epic Induces Minors and Epic Misleads and Misinforms Minors above.

109. While, on information and belief, on its face it may appear that Epic requires a person older than 18 years to sign the terms of use, Epic knows that many minors i.e. school going children from elementary, middle and high schools are playing Fortnite. Epic's willful blindness towards not taking steps to get Parent or Guardian consent and purposeful inducement of minors to make colorful and tempting in-App purchases breaches Epic's duties of good-faith and fair dealing. Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 48-56 in Section Epic Induces Minors above.

110. Epic's actions are without good-faith and are for the sole purpose of depriving Plaintiff and the Class of rights and benefits under the contract i.e., a sales transaction for content the consumer intended to purchase, not rash purchases that cannot be refunded while pushing newer digital content

within short periods of times after purchase.  Had Plaintiff, his Guardian or other member of the Class known the amounts spent on purchasing, they would not have permitted the sales transaction from being consummated.

111.     That Epic collects millions of dollars from Plaintiff and the Class, by luring minors to download digital content items, i.e. bait items and then spend vast sums on Game Currency without parental knowledge or permission, is the quintessence of bad faith and unfair dealing with Plaintiff and the Class.

112.     Plaintiff and the other members of the Class have suffered damages as a result of Epic's actions.

<u>**COUNT IV**</u>

<u>**NEGLIGENT MISREPRESENTATION**</u>

113.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 112, above.

114.     Epic had a duty to provide honest and accurate information to its customers including minors so that the minors could make informed decisions on the in-App purchases.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 48-63 in Sections Epic Induces Minors and Epic Misleads and Misinforms Minors above.

115.     Epic specifically and expressly misrepresented material facts to Plaintiff and Class Members, as discussed above by not allowing minors to receive refunds when the law expressly allows it.

116.     Epic knows, or in the exercise of reasonable diligence, should have known, that any ordinary minor would be misled by Epic's misleading and deceptive in-App game purchases policies.

117.     Plaintiff and the Class Members justifiably relied on Epic's misrepresentations and have been subsequently damaged in an amount to be determined at trial.

<u>**COUNT V**</u>

<u>**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200**</u>

118.     Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 117, above.

/ / /

119.    Plaintiff and Class Members have standing to pursue a cause of action against Defendant for unfair and/or unlawful business acts or practices because they have suffered an injury-in-fact and lost money due to Defendant's actions and/or omissions as set forth herein.

120.    Defendant's conduct is unlawful under Bus. & Prof. Code § 17200 *et seq.* ("UCL") because it is in violation of the minor's right to disaffirm contract, CLRA, breach of good faith and fair dealing, and negligent misrepresentation, as discussed above.

121.    Defendant's conduct described herein is "unfair" under Bus. & Prof. Code § 17200 because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public.  Defendant engages in unfair practices by actively advertising, marketing and promoting Apps as "free" with the intent to induce minors to purchase Game Currency in a manner likely to deceive the minors.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 48-63 in Sections Epic Induces Minors and Epic Misleads and Misinforms Minors above.

122.    In addition, Defendant's conduct constitutes a fraudulent business practice within the meaning of Bus. & Prof. Code § 17200, *et seq.*, in that Defendant intentionally and knowingly omitted giving information that refunds are allowed for minors without any restrictions under applicable law. Such representations and omissions misled Plaintiff and Class members and are likely to mislead the public. Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 48-63 in Sections Epic Induces Minors and Epic Misleads and Misinforms Minors above.

123.    Defendant knew or should have known that its representations regarding the in-App purchases were false, deceptive, and misleading.

124.    Defendant's wrongful conduct is ongoing, and part of a pattern or generalized course of conduct repeated on thousands of occasions yearly.

125.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an injunction enjoining Defendant from continuing to engage in the conduct described above, or any other act prohibited by law.

/ / /

126.    Plaintiff also seeks rescission and an order requiring Defendant to make full restitution and to disgorge its ill-gotten gains wrongfully obtained from members of the Class as permitted by Bus. & Prof. Code § 17203.

127.    Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

<u>**COUNT VI**</u>

<u>**RESTITUTION OR UNJUST ENRICHMENT**</u>

128.    Plaintiff and Class Members incorporate and reallege all allegations set out in the preceding paragraphs including paragraphs 1 through 127, above.

129.    Through the conduct described herein, Defendant received and retained tangible benefits at the expense of Plaintiff and the Class; including money paid for Defendant's non-refundable in-App purchases of digital products and game currency.

130.    Defendant, directly or indirectly, has received and retains information regarding its gaming microtransactions of Plaintiff and the Class.  Defendant appreciates or has knowledge of said benefits.

131.    Under principles of equity and good conscience, Defendant should not be permitted to retain the revenue it acquired through its unlawful conduct, i.e. with its non-refundable policy. Defendant's conduct is unlawful because it is in violation of the minor's right to disaffirm contract, CLRA, UCL, breach of good faith and fair dealing, and negligent misrepresentation, as discussed above.

132.    Defendant has lured Minors, i.e. Plaintiffs and Class Members into making in-App purchases.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 48-56 in Sections Epic Induces Minor above.  Defendant has misled and misinformed minors, i.e. Plaintiff and Class Members.  Plaintiff and Class Members incorporate and reallege all allegations set out in the paragraphs 57-63 in Section Epic Misleads and Misinforms Minors above.

133.    All funds, revenues, and benefits Defendant has unjustly received as a result of its actions rightfully belong to Plaintiff and the Class.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgement against Defendant as follows:

1.  Certify this case as a Class action on behalf of the Class as Nationwide Class and California Sub-Class defined above, appoint Plaintiff as Class representative, and appoint their counsel as Class counsel;

2.  Enter judgment in favor of the Plaintiff and Class and against Epic:

   i.  A Declaratory Judgment determining that the in-App purchases are contracts between Defendant and the minor children are voidable at the option of the respective class members; and if the class members elect to void the contracts, they will be entitled to restitution, attorney's fees, costs and interests thereon;

   ii.  CLRA

   iii.  Breach of Good Faith and Fair Dealing,

   iv.  Negligent Misrepresentation and

   v.  Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

   vi.  Restitution or Unjust Enrichment;

3.  As applicable to the Classes *mutatis mutandis*, awarding injunctive and equitable relief including, *inter alia*: (i) prohibiting Defendant from engaging in the acts alleged above; (ii) requiring Defendant to disgorge all of its ill-gotten gains to Plaintiff and the other Class Members, or to whomever the Court deems appropriate; (iii) requiring Defendant to delete all data surreptitiously or otherwise collected through the acts alleged above; (iv) requiring Defendant to provide Plaintiff and the other Class Members a means to easily and permanently request refund for any in-App purchases without restrictions; (v) awarding Plaintiff and Class Members full restitution of all benefits wrongfully acquired by Defendant by means of the wrongful conduct alleged herein; and (vi) ordering an accounting and constructive trust imposed on the data, funds, or other assets obtained by unlawful means as alleged above, to avoid dissipation, fraudulent transfers, and/or concealment of such assets by Defendant;

4.  Award damages, including statutory damages where applicable, to Plaintiff and Class Members in an amount to be determined at trial;

5.  Award restitution against Defendant for all money to which Plaintiff and the Classes are entitled in equity;

/ / /

6.      Restrain Defendant, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them from continued access, collection, and transmission of Plaintiff and Class Members' personal information via preliminary and permanent injunction;

7.      Award Plaintiff and Class Members:

      i.      their reasonable litigation expenses and attorneys' fees;

      ii.      pre- and post-judgment interest, to the extent allowable;

      iii.      restitution, disgorgement and/or other equitable relief as the Court deems proper;

      iv.      compensatory damages sustained by Plaintiff and all others similarly situated as a result of Defendant's unlawful acts and conduct;

      v.      statutory damages; and

      vi.      permanent injunction prohibiting Defendant from engaging in the conduct and practices complained of herein;

8.      For such other and further relief as this Court may deem just and proper.


Dated:  February 13, 2020                          **ONE LLP**


                                       By:   /s/ Deepali A. Brahmbhatt
                                           Peter R. Afrasiabi
                                           Deepali A. Brahmbhatt
                                           John E. Lord

                                           Attorneys for Plaintiff C.W. and his Guardian
                                           Rebecca White

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff and the Class Members hereby demand a trial by jury of all issues so triable.

3

4    Dated:  February 13, 2020                      **ONE LLP**

5

6                                          By:    /s/ Deepali A. Brahmbhatt
                                                 Peter R. Afrasiabi
7                                                 Deepali A. Brahmbhatt
                                                 John E. Lord
8
                                                 Attorneys for Plaintiff C.W. and his Guardian
9                                                 Rebecca White

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION FIRST AMENDED COMPLAINT**