MATTHEW J. ADLER (SBN 273147)
Matthew.Adler@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, California 94111-4180
Telephone:    415-591-7500
Facsimile:    415-591-7510

JEFFREY S. JACOBSON (*pro hac vice*)
Jeffrey.Jacobson@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036-2714
Telephone:    212-248-3140
Facsimile:    212-248-3141

RYAN M. SALZMAN (SBN 299923)
Ryan.Salzman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California  90067-1517
Telephone:    310-203-4000
Facsimile:    310-229-1285

Attorneys for Defendant
EPIC GAMES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| C.W., a minor, by and through his Guardian, REBECCA WHITE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIC GAMES, INC., a North Carolina corporation,<br><br>Defendant. | Case No. 4:19-cv-3629-YGR<br><br>**DEFENDANT EPIC GAMES, INC.'S NOTICE OF MOTION AND MOTION TO CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:           October 20, 2020<br>Time:          2:00 p.m.<br>Courtroom:  1<br>Judge:         Hon. Yvonne Gonzalez Rogers<br><br>Action Filed: June 21, 2019<br>Trial Date:    None set |

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

EPIC GAMES' MOTION TO CERTIFY QUESTION
PURSUANT TO 28 U.S.C. § 1292(B)

CASE NO. 4:19-CV-3629-YGR

# NOTICE OF MOTION AND MOTION

# TO CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(B)

TO THE COURT AND PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2020 at 2:00 p.m., or as soon thereafter as this matter may be heard by the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, 4th Floor of the above-entitled court located at 1301 Clay Street, Oakland, CA 94612, Defendant Epic Games, Inc. ("Epic Games"), by and through its counsel of record, will and hereby does move this Court for an order certifying the Court's September 3, 2020 Order Partially Denying Epic Games' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 72, hereafter the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support, the proposed order filed concurrently herewith, and such oral argument as may be properly presented at the time of the hearing of this Motion.

Dated: September 14, 2020                FAEGRE DRINKER BIDDLE & REATH LLP


By: */s/ Jeffrey S. Jacobson*
    Jeffrey S. Jacobson (*pro hac vice*)
    Matthew J. Adler
    Ryan M. Salzman

Attorneys for Defendant
EPIC GAMES, INC.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 3

III. LEGAL STANDARD .................................................................................................... 6

IV. THE COURT BASED ITS ORDER ON A PURE ISSUE OF LAW............................... 7

V. OTHER COURTS HAVE OPINED DIFFERENTLY ..................................................... 8

VI. ULTIMATE TERMINATION WOULD BE ADVANCED IF THE NINTH
CIRCUIT HEARS AN IMMEDIATE APPEAL .............................................................. 9

VII. CONCLUSION ............................................................................................................ 10

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

EPIC GAMES' MOTION TO CERTIFY QUESTION
PURSUANT TO 28 U.S.C. § 1292(B)   - i -   CASE NO. 4:19-CV-3629-YGR

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bennett v. Islamic Republic of Iran*,
  927 F. Supp.2d 833 (N.D. Cal. 2013) ..................................................................................6

*Berg v. Traylor*,
  148 Cal. App. 4th 809 (2007) ...............................................................................................4

*Canela v. Costco Wholesale Corp.*
  No. 13-cv-3598-BLF, 2018 WL 3008532 (N.D. Cal. June 15, 2018) ...................................6

*Casas v. Victoria's Secret Stores, LLC*,
  No. CV 14-6412-GW(VBKx), 2015 WL 13446989 ............................................................10

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) ...........................................................................................5, 9

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ................................................................................................2

*Doe #1 v. Coll. Bd.*,
  440 F. Supp. 3d 349 (S.D.N.Y. 2020) ...................................................................................8

*E.K.D. v. Facebook, Inc.*,
  885 F. Supp. 2d 894 (S.D. Ill. 2012) .................................................................................7, 8

*Gillis v. Whitley's Discount Auto Sales, Inc.*,
  319 S.E.2d 661 (N.C. App. 1984) .........................................................................................8

*Hastings v. Dollarhide*,
  24 Cal. 195 (1864) ................................................................................................................8

*Hovila v. Tween Brands, Inc.*,
  No C09-491RSL, 2010 WL 11684275 (W.D. Wash. June 11, 2010) .................................10

*I.B. v. Facebook Inc.*,
  No. C. 12-1894 CW, 2013 WL 6734239 (N.D. Cal. Dec. 20, 2013) ............................. *passim*

*MacGreal v. Taylor*,
  167 U.S. 688 (1897) ..............................................................................................................8

*Morrow v. Norwegian Cruise Line Ltd.*,
  262 F. Supp. 2d 474 (M.D. Pa. 2002) ...................................................................................8

*Omni MedSci, Inc. v. Apple Inc.*,
  No. 19-cv-5924-YGR, 2020 WL 759514 (N.D. Cal. Feb. 14, 2020) ...........................1, 5, 6, 9

*Paster v. Putney Student Travel, Inc.*,
  No. CV 99-2062 RSWL, 1999 WL 1074120 (C.D. Cal. June 9, 1999) ................................7

*Peers v. McLaughlin*,
  88 Cal. 294 (1891) ..................................................................................................8

*R.A. v. Epic Games, Inc.*,
  No. 5:19-cv-325-BO, 2020 WL 865420 (E.D.N.C. Feb. 20, 2020) ..........................8

*Reese v. BP Expl. (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ............................................................................2, 6, 9

*U.S. Rubber Co. v. Wright*,
  359 F.2d 784 (9th Cir. 1966) ....................................................................................9

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1291 ..................................................................................................................5

28 U.S.C. § 1292(b) ..............................................................................................1, 5, 7, 10

Cal. Bus. & Prof. Code § 17200 *et seq.* ...........................................................................1, 4

Cal. Fam. Code § 6710 ............................................................................................. *passim*

Fed. R. App. P. 5(a)(3) ..........................................................................................1, 5, 10

**OTHER AUTHORITIES**

16 Charles Alan Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* §
  3930 (3d ed.) ...........................................................................................................5

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

EPIC GAMES' MOTION TO CERTIFY QUESTION
PURSUANT TO 28 U.S.C. § 1292(B)   - iii -   CASE NO. 4:19-CV-3629-YGR

## I.     INTRODUCTION

Defendant Epic Games, Inc. ("Epic Games") respectfully requests that the Court certify a controlling issue of law decided in the Court's Order dated September 3, 2020 (Dkt. No. 72) (the "Order")—for immediate appeal to the Ninth Circuit pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3). Minor plaintiff "C.W." claims that California Family Code § 6710 allows him to "disaffirm" certain simple purchases he made of virtual currency for use within Epic Games' *Fortnite* video game, and he seeks a declaratory judgment respecting that purported right. In denying Epic Games' motion to dismiss that claim, and a related one under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, the Court decided the following question:

> Family Code § 6710, which provides that "[e]xcept as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority," (1) can be invoked even if the minor has received and cannot return the benefits of the bargain, such as entertainment already enjoyed; and (2) allows minors to disaffirm not only "contracts" (*i.e.*, for employment or significant purchases), but also simple purchases.

This question satisfies the three prerequisites for interlocutory appeal: (1) it involves a controlling question; (2) substantial grounds exist for a difference of opinion regarding this question; and (3) immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). *Omni MedSci, Inc. v. Apple Inc.*, No. 19-cv-5924-YGR, 2020 WL 759514, at *1 (N.D. Cal. Feb. 14, 2020). This Court's interpretation of Family Code § 6710 is a pure question of law, and were the Ninth Circuit to hold that the statute does not apply to simple purchases, or does not apply where the minor cannot return the benefits of the "contract" (as with consumed entertainment services), that decision would control the outcome of this case. C.W.'s attempt to apply § 6710 to simple purchases of already-consumed entertainment services is novel, but reasonable jurists have reached differing conclusions on whether minors can disaffirm any contract after having consumed its benefits. Finally, resolving this issue now would save the parties and the Court from addressing factual disputes that a successful appeal would make moot, such as whether C.W. actually made the purchases in question, transacted with Epic Games or someone else, and acted with or without his mother's knowledge. An immediate appeal, therefore, would conserve judicial resources and hasten the ultimate termination of this matter.

FAEGRE DRINKER BIDDLE
& REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

EPIC GAMES' MOTION TO CERTIFY QUESTION
PURSUANT TO 28 U.S.C. § 1292(B)

CASE NO. 4:19-CV-3629-YGR

This Court's Order recognized that the applicability of Family Code § 6710 to simple purchases is not a question for which there is "any controlling authority." Order at 3. As the Ninth Circuit held in *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), "courts traditionally will find that a substantial ground for difference of opinion exists where novel and difficult questions of first impression are presented." *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (same). Not only is this particular question novel, but it is highly impactful. Determining that § 6710 allows minors to demand refunds for simple purchases, even where the minor cannot or chooses not to return what he or she purchased, would have significant repercussions. It would affect every retailer that sells non-necessity goods to minors and every purveyor of consumable entertainment services—movie theaters, amusement venues, performers, etc.—that may transact with California minors in the ordinary course of business. Appellate guidance on such a weighty issue, one that controls the outcome of this case, is warranted.

Prior to this matter, only one other court, in an eight year-old case against Facebook, had been asked to decide whether Family Code § 6710 applied to a simple purchase. That case also happened to involve consumable entertainment services. The minor plaintiffs in that case reused stored parental credit card information, without specific parental permission, to buy more virtual currency after a first, authorized purchase. The *Facebook* court held the minors in question could disaffirm their purchases, and this Court's decision cited and followed that ruling.

The question of whether Family Code § 6710 applies to simple purchases, as opposed to more formal "contracts," is important enough on its own to warrant certification. This case then presents the additional question of whether § 6710 applies where the minor already has enjoyed the benefits of the transaction, here by having consumed the entertainment services he purchased. On that separate issue, both the United States Supreme Court and the California Supreme Court have held—albeit in century-old decisions—that the equitable concept of disaffirmation does **not** allow minors to use their minority as an offensive weapon to demand a refund for goods or services they already have consumed. More recent decisions from lower courts, all involving true "contracts" like employment agreements or agreements for significant purchases, similarly have held that minors may not disaffirm those complex transactions when doing so would yield a windfall to the

minor. The existence of these rulings, combined with the dearth of cases in which plaintiffs have even attempted to apply § 6710 to small-dollar consumer transactions that minors make routinely, demonstrates that reasonable jurists could reach a different conclusion with respect to whether C.W. can invoke § 6710 to disaffirm simple purchases for consumed entertainment.

For these reasons, as explained further below, Epic Games requests that the Court certify the question noted above for interlocutory appeal.

## II.  BACKGROUND

Epic Games developed and makes available numerous products, one of which is a highly popular video game called *Fortnite*. *Fortnite* is free to play, but players can, if they wish, acquire enhancements, such as "skins" to change their character's appearance or access to different modes of the game. Players can trade Epic Games' virtual currency, "V-Bucks," for these enhancements. Players earn V-Bucks through game play or, if they wish, they can purchase V-Bucks directly from Epic Games or from third parties like Apple (through its proprietary Apple Store) and Sony (through its proprietary PlayStation store), depending on the platform used to play the game.

C.W., a minor resident of California, claims that he purchased V-Bucks both directly from Epic Games, using his mother's credit card, and from Apple and Sony using those companies' gift cards. He claims he exchanged those V-Bucks within *Fortnite* to acquire game enhancements he desired, which he then used while he played the game.[1] Neither C.W. nor his mother, co-plaintiff Rebecca White, ever sought a refund for these V-Bucks purchases through normal channels, such as by contacting the customer support departments of Epic Games, Apple, or Sony. Instead, they filed this lawsuit. They seek a declaratory judgment that Family Code § 6710 allows C.W. to disaffirm his purchases of V-Bucks and thereby demand refunds from Epic Games for the money he spent on V-Bucks. They also contend that to the extent § 6710 required Epic Games to honor

---

[1] Plaintiffs have never been entirely clear as to whether C.W. seeks to disaffirm his purchases of V-Bucks—the only actual purchases at issue in this case—or also seeks to disaffirm his in-game exchanges of virtual currency for "skins," "Battle Passes," etc. The latter transactions did not involve money. Footnote 4 of the Court's Order stated that Epic Games did "not identify any case authority suggesting disaffirmation is not possible in the case of digital content that can be restored by the software developer." The question in this case, however, is not whether Epic Games can remove an enhancement from a *Fortnite* player's account if that player disaffirms his or her in-game transaction. The question, instead, is whether a minor player has a legal right to disaffirm an in-game transaction at all, particularly after the minor has enjoyed the benefit through game play.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

EPIC GAMES' MOTION TO CERTIFY QUESTION
PURSUANT TO 28 U.S.C. § 1292(B)

- 3 -

CASE NO. 4:19-cv-3629-YGR

C.W.'s attempted disaffirmation, but Epic Games disputed C.W.'s right to disaffirm under the circumstances presented, Epic Games may have violated the UCL's "unlawful" prong.

This Court's September 3 Order concerning Family Code § 6710 was its second decision on the subject. In an Order dated January 23, 2020 (Dkt. No. 54), in which this Court partially denied Epic Games' motion to dismiss Plaintiffs' initial complaint (Dkt No. 18), the Court quoted *I.B. v. Facebook Inc.*, No. C. 12-1894 CW, 2013 WL 6734239, at *3 (N.D. Cal. Dec. 20, 2013), for the proposition that § 6710 "discourages adults from contracting with minors." Retailers sell non-necessity goods to California minors every day, however, and entertainment venues regularly transact with minors. No appellate decision has ever suggested that these enterprises must refrain from transacting with minors because § 6710 may apply to minors' simple purchases from them, from books to movie tickets to theme park admission to video games. *I.B.*, in fact, is the only prior case reported from any jurisdiction that applied a disaffirmation statute to a small-dollar entertainment purchase or any other simple purchase.

There is more case law, but no controlling law, addressing the broader question of whether a minor may disaffirm any type of "contract" without being able to return the contract's benefits. This Court's January opinion cited *Berg v. Traylor*, 148 Cal. App. 4th 809 (2007)—a case involving a contract between an underage actor and the actor's mother on one side and an artist manager on the other—for the proposition that a minor may "disaffirm all obligations under a contract, *even for services previously rendered*, without restoring consideration or the value of services rendered to the other party." Dkt. No. 54 at 7 n.6. *Berg* allowed a minor to disaffirm an arbitration agreement with his manager and thereby vacate a default arbitration award issued against him. *Berg*, 148 Cal. App. at 818. Although *Berg* discussed that professionals in the manager's position can avoid the "hardship" of disaffirmation "by declining to enter into [a] contract" with a minor, *id.*, the court also recognized that "there is a statutory procedure governing contracts in which minors agree to render artistic or creative services," so "there is no danger that talent managers will decline to contract with minors. . . ." *Id.* at 819. *Berg* did not discuss applying disaffirmation principles to simple purchases.

This Court held in its January Order that "[a]bsent controlling authority holding to the contrary, and in light of the broad language of [Family Code] Section 6710, . . . [C.W.'s] disaffirmance is valid notwithstanding that he has already played *Fortnite* and made in-App purchases." Dkt. No. 54 at 8 n.6. Epic Games did not seek certification of that first Order because the Court granted Plaintiffs leave to amend their complaint. Plaintiffs' amendment yielded significant changes to their factual allegations that Epic Games cited in a renewed motion to dismiss, asking the Court to change its legal conclusion. The Court's September 3 Order, however, left its earlier conclusion unaltered. The Court stated that "defendant does not present any change of law that would cause this Court to reconsider . . . whether C.W. can disaffirm purchases from which he already has benefitted . . . ." Order at 3. The Court again noted, however, the absence of controlling authority on the question. *See id.*

C.W.'s First Amended Complaint ("FAC," Dkt. No. 56) also alleges that Epic Games "knows that a minor can request a refund without any restrictions, [California] law permits a minor to do so," but that "Epic operates a non-refund policy that misleads, misrepresents, and does not acknowledge a minor's right to get a refund." FAC ¶ 57. In a claim for negligent misrepresentation, Plaintiffs claim that Epic Games "specifically and expressly misrepresented material facts to [C.W.], as discussed above by not allowing minors to receive refunds when the law expressly allows it." *Id.* ¶ 115. Plaintiffs also claim that this conduct arguably violates the UCL's "unfair" and "fraudulent" prongs. The Court, in its Order, held that because C.W. alleges he "relied on Epic's misrepresentation regarding non-refundability for Battle Pass purchases and non-refundability of purchases older than 30 days," this "suffice[d] to state a claim that [Epic Games] made material misrepresentations or omissions on which C.W. justifiably relied to his own detriment." Order at 6-7. Also, "given the Court's holding on the negligent misrepresentation claim, . . . the Court [found] plaintiffs state a plausible claim" under the UCL's unfair and fraudulent prongs. *Id.* at 9-10.

As alleged in the FAC, all of Plaintiffs' surviving causes of action turn on the question of whether Family Code § 6710 allows "a minor [to] request a refund without any restrictions." If § 6710 does not apply to C.W.'s purchases, all of Plaintiffs' claims fail.

### III. LEGAL STANDARD

Epic Games seeks this Court's approval for an interlocutory appeal because the Order is not a "final decision" under 28 U.S.C. § 1291 and therefore, absent certification, is not immediately appealable. For a District Court to certify a question for immediate appeal, it must find that (1) the Order involves a controlling question of law; (2) substantial grounds exist for a difference of opinion regarding this question; and (3) immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Fed. R. App. P. 5(a)(3) further permits the Court to amend its order to include the certification set forth above. A District Court wishing to certify a question must "state in writing" that these elements are met. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). These three factors are not intended to establish rigid "jurisdictional requisites," but instead to "inject an element of flexibility into" the ordinary rules that govern the timing of appeals." 16 Charles Alan Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 3930 (3d ed.) (factors "should be viewed together as the . . . equivalent of a direction to consider the probable gains and losses of immediate appeal").

This Court most recently certified a question for interlocutory appeal in *Omni MedSci*. Construing the first factor, "controlling question of law," the Court held that "if the appellant's success on appeal would result in dismissal of the case," then "the appeal involves a controlling question of law." *OmniMed Sci*, 2020 WL 759514, at *1, *citing Canela v. Costco Wholesale Corp.* No. 13-cv-3598-BLF, 2018 WL 3008532, at *1 (N.D. Cal. June 15, 2018). The second factor, "substantial grounds for difference of opinion," applies where a decision "presents a 'novel legal issue on which fair-minded jurists might reach contradictory conclusions,' and 'not merely where they have already disagreed.'" *Id.*, *quoting Reese*, 643 F.3d at 688. This Court found the second factor satisfied in *OmniMed Sci* where the relevant Circuit Court of Appeals "has not directly confronted" the question at issue, and where "courts considering similar [issues] have reached different results." *Id.* at *2 (citations omitted). This Court then found the "advance ultimate termination" factor satisfied where an interlocutory appeal "would result in dismissal of the case, 'conserving judicial resources and sparing the parties from possibly needless expense . . . .'" *Id.*, *quoting Bennett v. Islamic Republic of Iran*, 927 F. Supp. 2d 833, 846 n.15 (N.D. Cal. 2013).

FAEGRE DRINKER BIDDLE
& REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

EPIC GAMES' MOTION TO CERTIFY QUESTION
PURSUANT TO 28 U.S.C. § 1292(B) - 6 - CASE NO. 4:19-cv-3629-YGR

## IV. THE COURT BASED ITS ORDER ON A PURE ISSUE OF LAW

The critical and highly important threshold questions in this case about the meaning of Family Code § 6710, and whether minors can disaffirm their simple purchases and demand refunds for them after having consumed the benefits of their purchases, are pure questions of law. This Court's Order and the two decisions issued by the court in *I.B.*—905 F. Supp. 2d 989, 1004 (N.D. Cal. 2012), and the above-referenced 2013 WL 6734239, at *4—answered these questions in the affirmative. These three opinions appear to be the only cases addressing whether Family Code § 6710 applies to simple purchases *at all*. The larger universe of disaffirmation decisions all have involved disputes that fell into a narrower definition of the term "contract," such as employment contracts, personal services contracts, or formal agreements for major purchases.

Although both this case and *I.B.* involved online purchases of virtual currency, the interpretation of Family Code § 6710 adopted in these decisions did not depend on that limited context. If § 6710 applies to simple purchases, minors can demand refunds from movie theaters after having watched the movie, demand refunds from amusement venues after a day of enjoyment, demand refunds after exiting a concert, and even demand refunds for small-item purchases made at the corner store (comic books, baseball cards, etc.) without needing or being able to return the benefits received from those purchases. Given the breadth of entertainment and goods that minors can purchase for themselves, the absence of decisions addressing the applicability of Family Code § 6710 to such purchases seems notable in itself. The opportunities for lawsuits arising from such an interpretation would seem to be unending, yet only C.W. and the plaintiffs in *I.B.* have even attempted to pursue a claim that § 6710 applies to simple purchases.

If C.W. possesses a legal right to disaffirm simple purchases after having consumed the benefits of his purchases, his ability to succeed in his claim ultimately would turn on subsidiary issues of fact that the parties would have to explore in discovery. These disputes would involve, for example, whether C.W. or someone else made the transactions in question, whether C.W. can disaffirm to Epic Games transactions he had with Apple and Sony, and the extent to which Mrs. White was aware of the purchases C.W. made using her payment accounts. Those issues would become irrelevant, however, if the Court of Appeals determines that § 6710 does not apply to the

in-game entertainment purchases at issue in this case. Thus, the interpretation of § 6710 presents a "controlling" question appropriate for certification pursuant to 28 U.S.C. § 1292(b).

## V. OTHER COURTS HAVE OPINED DIFFERENTLY

Although minors have been making simple purchases and consuming entertainment since long before the adoption of Family Code § 6710, the concept that minors might be able to demand post-enjoyment refunds has arisen infrequently and never been tested at the appellate level. Multiple district courts applying California law, however, have held that minors cannot disaffirm ***any*** purchases once they have consumed the benefits of those purchases. In *Paster v. Putney Student Travel, Inc.*, No. CV 99-2062 RSWL, 1999 WL 1074120, at *1-2 (C.D. Cal. June 9, 1999), the court denied a post-enjoyment attempt to disaffirm the dispute resolution portions of an entertainment contract (to spend four weeks on a Native American reservation) after the plaintiff suffered personal injuries. The court held that Paster "cannot accept the benefits of a contract and then seek to void it" in order to escape dispute resolution terms that did not suit her. *Id. See also E.K.D. v. Facebook, Inc.*, 885 F. Supp. 2d 894, 899 (S.D. Ill. 2012) (California law recognizes that the "disability of infancy [is not] a 'sword' rather than a 'shield,'" and cannot "be used inequitably to retain the benefits of a contract while reneging on the obligations attached to that benefit.").[2]

Outside of California, the court in *Morrow v. Norwegian Cruise Line Ltd.*, 262 F. Supp. 2d 474, 476 (M.D. Pa. 2002), reached the same conclusion: "Plaintiff boarded the Norwegian Wind with her family and took the cruise. Since Plaintiff cannot give back, or in any way disgorge, the benefit of her contract, it would be inequitable to now release her from the obligations and

---

[2] The court in *R.A. v. Epic Games, Inc.*, No. 5:19-cv-325-BO, 2020 WL 865420 (E.D.N.C. Feb. 20, 2020), applying California law after transfer from the Central District of California, held that once a minor has stated his intention to disaffirm transactions, Epic Games must have an opportunity to accept that disaffirmation. Epic Games did so in the *R.A.* case, and the court held that this acceptance mooted the plaintiffs' UCL claims. "Plaintiff cannot void the transactions with defendant and receive his refund while simultaneously maintaining causes of action that arise solely from those transactions." *Id.* at *2. In *I.B.*, similarly, the plaintiff contacted Facebook first and gave the company an opportunity to provide a refund—which Facebook refused—before suing.

Epic Games has maintained in this case, although the Court disagreed, that C.W. never gave the company a reasonable opportunity to consider and accept his attempted disaffirmation. C.W.'s lawyers sent Epic Games a letter in which they did not identify their client or provide any details about his purchase, refused to identify their client even in discussions among counsel, and then filed a lawsuit under a pseudonym. The case was well underway before Epic Games knew who Plaintiffs were and could investigate the circumstances of their claims.

consequences attached to that benefit." The court in *Gillis v. Whitley's Discount Auto Sales, Inc.*, 319 S.E.2d 661, 667 (N.C. App. 1984), similarly required a minor seeking to disaffirm a contract to "restore[] whatever part he still has of the benefit he received under the contract." *See also, e.g., Doe #1 v. Coll. Bd.*, 440 F. Supp. 3d 349, 355 (S.D.N.Y. 2020) ("While a party has an absolute right to disaffirm a contract entered into as a minor within a reasonable time after becoming of age, after disaffirmance a minor is not entitled to retain an advantage from a transaction which he repudiates.") (internal citations and quotations omitted).

These opinions relied on the United States Supreme Court's decision in *MacGreal v. Taylor*, 167 U.S. 688, 701 (1897), construing the common law of disaffirmation, that "gross injustice will be done" if a minor could disaffirm a contract while retaining benefits obtained from it. The California decisions on point have relied, too, on the California Supreme Court's decision in *Hastings v. Dollarhide*, 24 Cal. 195, 216 (1864), which similarly held that disaffirmation must not "make the disability of infancy a 'sword' rather than a 'shield.'" The court in *E.K.D.*, 885 F. Supp. 2d at 899, also cited *Peers v. McLaughlin*, 88 Cal. 294 (1891), which held that minors "cannot retain the contract's fruits and at the same time deny its obligations."

Collectively, these decisions show that reasonable jurists can disagree and have disagreed on the question of whether minors can disaffirm contracts without needing or being able to return the benefits of those contracts, thus supporting certification for interlocutory appeal under 28 U.S.C. § 1292(b). The related question of whether Family Code § 6710 applies to simple purchases at all is too novel to have given rise to differing judicial opinions, but is of significant import. The Ninth Circuit and the California Supreme Court have not opined on either issue. Appellate guidance is warranted.

### VI. ULTIMATE TERMINATION WOULD BE ADVANCED IF THE NINTH CIRCUIT HEARS AN IMMEDIATE APPEAL

The third factor—the likelihood that "an immediate appeal may materially advance the ultimate termination of the litigation"—tends to merge with the first requirement of a "controlling question." This allows courts to "to permit decisions of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be

unnecessary." *Cement*, 673 F.2d at 1026, *citing U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Although the Ninth Circuit held in *Reese*, 643 F.3d at 688, that courts need not find "that the interlocutory appeal [would] have a final, dispositive effect on the litigation," interlocutory appeal here could have exactly that effect. Resolution of the key question in Epic Games' favor would be likely to terminate the dispute, saving both sides, and the Court, the burden of protracted litigation. *See OmniMed Sci*, 2020 WL 759514, at *2.

A decision that Family Code § 6710 does not apply to C.W.'s purchases in this case should resolve all three of Plaintiffs' surviving claims in this matter for a declaratory judgment, negligent misrepresentation, and related UCL violations. Plaintiffs base their negligent misrepresentation and UCL claims entirely on their legal position regarding the breadth of § 6710, as to which they seek a declaratory judgment. *See* FAC ¶ 115 (claiming the "misrepresentation" was Epic Games' "not allowing minors to receive refunds when the law expressly allows it); ¶ 122 (Epic Games "intentionally and knowingly omitted giving information that refunds are allowed for minors without any restrictions under applicable law."). Immediate appellate resolution as to whether § 6710 reaches simple purchases or applies when a minor has consumed the benefits of his purchases, therefore, would advance the ultimate termination of all of Plaintiffs' claims.

Because Plaintiffs have pleaded this case as a putative class action, and will be seeking discovery concerning transactions other than their own, this provides a further basis for interlocutory appeal. *See, e.g., Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKx), 2015 WL 13446989, at *3-*4 (interlocutory appeals are "especially" appropriate in class actions to prevent "uncertainty over a key claim's status"); *Hovila v. Tween Brands, Inc.*, No C09-491RSL, 2010 WL 11684275, at *2 (W.D. Wash. June 11, 2010) (certifying question for interlocutory appeal to "resolv[e] potentially dispositive issues before resources are devoted to discovery, class certification, and a possible trial").

## IV. CONCLUSION

For each of the above reasons, Epic Games respectfully requests that the Court, pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3), certify its Order for interlocutory appeal to the Ninth Circuit, limited to the question of whether California Family Code § 6710 permits minors in

1 | California to disaffirm simple purchases or to do so where they already have received the benefits
2 | of the bargain.

Dated:  September 14, 2020         FAEGRE DRINKER BIDDLE & REATH LLP


By: */s/ Jeffrey S. Jacobson*
Jeffrey S. Jacobson (*Pro Hac Vice*)
Matthew J. Adler
Ryan M. Salzman

Attorneys for Defendant
EPIC GAMES, INC.