MATTHEW J. ADLER (SBN 273147)
Matthew.Adler@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, California 94111-4180
Telephone: 415-591-7500
Facsimile: 415-591-7510

JEFFREY S. JACOBSON (*pro hac vice*)
Jeffrey.Jacobson@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone: 212-248-3140
Facsimile: 212-248-3141

RYAN M. SALZMAN (SBN 299923)
Ryan.Salzman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: 310-203-4000
Facsimile: 310-229-1285

Attorneys for Defendant
EPIC GAMES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

C.W., a minor, by and through his Guardian, REBECCA WHITE, on behalf of himself and all others similarly situated,

Plaintiff,

v.

EPIC GAMES, INC., a North Carolina corporation,

Defendant.

Case No. 4:19-cv-3629-YGR

**DEFENDANT EPIC GAMES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Judge: Hon. Yvonne Gonzalez Rogers

Action Filed: June 21, 2019
Trial Date: None set

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EPIC GAMES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

CASE NO. 4:19-CV-3629-YGR

Defendant Epic Games, Inc. ("Epic") hereby answers the First Amended Class Action Complaint (the "Complaint") of Plaintiffs C.W., a minor, by and through his Guardian, Rebecca White ("Plaintiffs"), as follows:

**NATURE OF THE ACTION**

1. Epic admits that Plaintiffs bring a Declaratory Judgment action for a minor's right to disaffirm, however denies the remainder of the allegations set forth in paragraph 1 of the Complaint or that Plaintiffs are entitled to the relief sought.

2. Epic admits that video games form a part of its business and that its *Fortnite* video game can be downloaded for free on different computing device platforms. Epic also admits that *Fortnite* users connect to Epic's software servers and other users through the internet. Epic otherwise denies the allegations stated in paragraph 2 of the Complaint.

3. Epic denies the allegations of paragraph 3 of the Complaint, except to admit that *Fortnite* is offered for free and may be downloaded at no cost.

4. Epic admits that Plaintiffs brings the action for declaratory, equitable and monetary relief, that Plaintiffs bring the action under the Declaratory Judgment Act, California's contract laws, Consumers Legal Remedies Act Cal. Civ. Code § 1750, *et seq* ("CLRA"), Breach of Good Faith and Fair Dealing, Negligent Misrepresentation, Business and Professions Code Sections 17200 *et seq* ("UCL"), and/or for Unjust Enrichment. Epic denies the remainder of the allegations set forth in paragraph 4 of the Complaint, or that Plaintiffs are entitled to the relief sought, including, but not limited to, as a result of the Court's September 3, 2020 Order (Dkt. No. 72) ("Order") dismissing with prejudice Plaintiffs' causes of action for violation of the CLRA, Breach of the Duty of Good Faith and Fair Dealing, and for Unjust Enrichment.

**PARTIES**

5. Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and on such basis denies the allegations of paragraph 5 of the Complaint.

6. Epic admits that it is headquartered in North Carolina and maintains a small office at the referenced address in Larkspur, California, personnel at which have no involvement in the

matters at issue in this case. Epic further admits that it launched the video games *Fortnite: Save the World* and *Fortnite: Battle Royale* in 2017. Epic admits that both games are popular, but the term "immensely" is more of a subjective legal conclusion than an allegation that Epic can neither admit nor deny. Epic is a privately held company that does not publicly release financial information. Epic does not dispute that millions of people in the United States have played *Fortnite* and that the game was profitable for the company in 2018 and 2019. Epic otherwise denies the allegations stated in paragraph 6.

**<u>JURISDICTION AND VENUE</u>**

7. Epic admits the allegations of paragraph 7 of the Complaint, except to deny that Plaintiffs or any member of the putative class is entitled to the relief sought in the Complaint.

8. Epic admits that the Court ruled that personal jurisdiction has been established, and that Epic has an office located in Larkspur, California. Epic otherwise denies the allegations of paragraph 8 of the Complaint.

9. Epic admits that the Court ruled that venue has been established but otherwise denies the remainder of the allegations of paragraph 9. Epic avers that the Eastern District of North Carolina is a more appropriate venue for this case.

10. Epic admits that the Court ruled that venue has been established but otherwise denies the remainder of the allegations of paragraph 10. Epic avers that the Eastern District of North Carolina is a more appropriate venue for this case.

**<u>STATEMENT OF FACTS</u>**

**<u>Fortnite</u>**

11. Epic admits the allegations of paragraph 11 of the Complaint, except Epic Denies that there are two (2) *Fortnite* game modes, as there currently exist three (3) major *Fortnite* game modes: *Save the World*, *Battle Royale*, and Creative mode. In addition, there currently is another mode titled *Party Royale* which focuses primarily on social interaction and events. Epic also denies that the Complaint concerns all *Fortnite* game modes, as Plaintiffs' allegations concern only use of "Save the World" and the "Battle Royale" game modes.

12. Epic denies the allegations of paragraph 12 of the Complaint, except avers that the

Bloomberg.com article referenced in the Complaint speaks for itself.

13. Epic denies the allegations of paragraph 13 of the Complaint.

14. Epic denies the allegations of paragraph 14 of the Complaint, except Epic is without knowledge or information sufficient to form a belief as to the accuracy of the screen shots included within paragraph 14, the sources of which Plaintiffs do not allege. The appearance of in-game exchange items would differ based on, among other things, the platform on which *Fortnite* was being played and the screen the player was using. Epic refers Plaintiffs to the refund policies stated in the *Fortnite* End User License Agreement ("EULA"), which policies speak for themselves.

15. Epic denies the allegations of paragraph 15 of the Complaint.

16. Epic denies the allegations of paragraph 16 of the Complaint.

17. Epic denies the allegations of paragraph 17 of the Complaint.

18. Epic admits that *Fortnite* uses virtual game currency known as "V-Bucks." Epic states that *Fortnite* players earn V-Bucks through game play and that Epic does not require any player to purchase V-Bucks. Players who wish to purchase V-Bucks have historically been able to do so (depending upon the platform the player is using to play the game) directly from Epic or through third party marketplaces, including the "Apple Store" operated by Apple Inc.—although Apple currently does not allow such purchases—and the "PlayStation Store" operated by a subsidiary of Sony Corp. Players who have V-Bucks—whether purchased, acquired through game play, or both—then can exchange those V-Bucks for a "Battle Pass" or cosmetic items (*i.e.*, "skins") of their choosing. Plaintiffs' claims regarding a minor's purported right to disaffirm "contracts" does not appear to differentiate between a player's *purchases* of V-Bucks, which are the only *Fortnite*-related transactions involving money, and that player's subsequent exchanges of V-Bucks for selected in-game benefits. Epic otherwise denies the allegations of paragraph 18 of the Complaint.

19. Epic denies the allegations of paragraph 19 of the Complaint.

**Digital Content**

20. Epic states that the allegations in paragraph 20 are unintelligible and, on that basis, Epic denies the allegations of paragraph 20 of the Complaint.

21. Epic admits that *Fortnite* players could exchange acquired or purchased V-Bucks for items that include virtual supplies, ammunition, skins, motes, tools, and outfits/wraps. Epic otherwise denies the allegations in paragraph 21 of the Complaint.

22. Epic admits that players could exchange acquired or purchased V-Bucks for a "Battle Pass" or a "Battle Bundle," and that players who exchange V-Bucks for a Battle Pass or Battle Bundle acquire skins, etc., that are unique to the Battle Pass or Battle Bundle purchase. Epic otherwise denies the allegations in paragraph 22 of the Complaint.

23. Epic admits that it periodically updates *Fortnite* and the items for which players may exchange V-Bucks, but otherwise denies the allegations of paragraph 23 of the Complaint.

24. Epic denies the allegations of paragraph 24 of the Complaint.

**<u>V-BUCKS ("Game Currency")</u>**

25. Epic admits the allegations of paragraph 25 of the Complaint.

26. Epic admits that players can earn V-Bucks through game play or purchase them for money, but otherwise denies the allegations of paragraph 26 of the Complaint.

27. Epic admits that it has offered 100 V-Bucks for sale at a price "around $1.00" and that it has offered "bonus" V-Bucks for purchases of 2500 or more V-Bucks. Epic has offered 3,500 bonus V-Bucks to players who purchased 10,000 V-Bucks for $99.99. Epic otherwise denies the allegations of paragraph 27 of the Complaint.

28. Epic denies the allegations of paragraph 28 of the Complaint.

29. Epic denies the allegations of paragraph 29 of the Complaint.

30. Epic denies the allegations of paragraph 30 of the Complaint.

31. Epic denies the allegations of paragraph 31 of the Complaint

32. Epic denies the allegations of paragraph 32 of the Complaint.

**<u>Fortnite In-App Purchases</u>**

33. Epic admits the allegations of paragraph 33 of the Complaint.

34. Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and on such basis denies the allegations of paragraph 34 of the Complaint.

35.  Epic denies the allegations of paragraph 35 of the Complaint.

36.  Paragraph 36 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 36 of the Complaint.

37.  Epic denies the allegations of paragraph 37 of the Complaint.

38.  Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and on such basis denies the allegations of paragraph 38 of the Complaint.

39.  Epic is without knowledge or information sufficient to form a belief as to whether C.W. made any in-app purchases and whether C.W. "wanted to disaffirm" those purchases, and on such basis denies the allegations of paragraph 39 respecting C.W.'s alleged purchases and his alleged wants. Epic admits that purchases of V-Bucks and in-game exchanges of purchased and earned V-Bucks for cosmetic items were made from an account that C.W. has identified as his. Epic also admits that it has described Battle Passes as "non-refundable" once a player exchanges V-Bucks for Battle Passes, because the purchase of a Battle Pass confers immediate in-game benefits. Epic otherwise denies the allegations of paragraph 39 of the Complaint.

40.  Epic is without knowledge or information sufficient to form a belief as to whether C.W. made any in-app purchases and whether C.W. "wanted to disaffirm" those purchases, and on such basis denies the allegations of paragraph 40 respecting C.W.'s alleged purchases and his alleged wants. Epic admits that the general refund policies stated in the *Fortnite* EULA require players who wish to cancel exchanges of V-Bucks for cosmetic items using Epic's automated refund system must do so within 30 days of a purchase. Epic otherwise denies the allegations stated in paragraph 40 of the complaint.

41.  Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and on such basis denies the allegations of paragraph 41 of the Complaint.

42. Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and on such basis denies the allegations of paragraph 42 of the Complaint.

43. Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and on such basis denies the allegations of paragraph 43 of the Complaint.

44. Epic denies the allegations in paragraph 44, except Epic is without knowledge or information sufficient to form a belief as to what notifications C.W.'s parent did or did not receive, the extent to which C.W's parent reviewed her credit card, debit card, and bank account information, or the extent of her knowledge of C.W.'s purchases, and on such basis denies those allegations in paragraph 44 of the Complaint.

45. Epic denies that C.W. attempted to request refunds for any purchases. Epic is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 45 and on such basis denies the remainder of the allegations of paragraph 45 of the Complaint.

46. Epic denies the allegations of paragraph 46 of the Complaint.

47. Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, including the quantity of V-Bucks that C.W. considered "sufficient," and on such basis denies the allegations of paragraph 47 of the Complaint.

**Epic Induces Minors to make frequent In-App Purchases**

48. Epic denies the allegations of paragraph 48 of the Complaint, except Epic is without knowledge or information sufficient to form a belief as to whether C.W. has made purchases of V-Bucks, and on such basis denies those allegations.

49. Epic denies the allegations of paragraph 49 of the Complaint, except Epic is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding C.W.'s alleged purchases, and on such basis denies those allegations.

50. Epic denies the allegations of paragraph 50 of the Complaint.

51. Epic denies the allegations of paragraph 51 of the Complaint, except Epic is without knowledge or information sufficient to form a belief as to whether C.W. has made purchases of V-Bucks, and on such basis denies those allegations.

52. Epic denies the allegations of paragraph 52, except Epic is without knowledge or information sufficient to form a belief as to what notifications C.W.'s guardian did or did not receive or the extent to which C.W.'s guardian was or was not "routinely monitoring her credit cards, debit cards, and bank account information," and on that basis denies those allegations in paragraph 52 of the Complaint.

53. Epic denies the allegations of paragraph 53, except Epic is without knowledge or information sufficient to form a belief as to what information C.W. or C.W.'s parent had about his purchase history or amounts previously spent, and on such basis denies those allegations in paragraph 53 of the Complaint.

54. Epic denies the allegations of paragraph 54 of the Complaint.

55. Epic denies the allegations in paragraph 55 of the Complaint, except Epic is without knowledge or information sufficient to form a belief as to the extent to which C.W. has played *Fortnite*, the state of C.W.'s health and sleep, or any circumstances of C.W.'s alleged purchases, and on such basis denies those allegations.

56. Epic denies the allegations of paragraph 56 of the Complaint, except Epic is without knowledge or information sufficient to form a belief as to any actions taken or not taken by "C.W.'s parent," and on such basis denies those allegations in paragraph 56.

**Epic Misleads or Misrepresents Information related to In-App Purchases**

57. Epic denies the allegations of paragraph 57 of the Complaint.

58. Epic denies the allegations of the second sentence of paragraph 58 of the Complaint. Epic is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and on such basis denies those allegations.

59. Epic denies the allegations of paragraph 59 of the Complaint.

60. Epic denies the allegations in paragraph 60, except Epic is without knowledge or information sufficient to form a belief as to the state of C.W.'s parent's knowledge of purchases

allegedly made by C.W. or the state of any parent's knowledge, and on such basis denies the allegations of paragraph 60 of the Complaint.

61. Epic denies the allegations of paragraph 61 of the Complaint, except Epic is without knowledge or information sufficient to form a belief as what C.W.' "did not calculate or understand," and on such basis denies those allegations in paragraph 61.

62. Epic denies the allegations of paragraph 62 of the Complaint.

63. Epic denies the allegations of paragraph 63 of the Complaint.

**Related FTC Actions and District Court Cases**

64. Paragraph 64 consists of legal conclusions to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 64 of the Complaint.

65. Paragraph 65 consists of legal conclusions to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 65 of the Complaint.

**CLASS ALLEGATIONS**

66. The allegations set forth in paragraph 66 of the Complaint are not factual allegations to which a response is required. To the extent a response is required, Epic admits that Plaintiffs seek to certify a class during the identified period, however denies that this case is maintainable as a class action and/or that a class can be certified pursuant to Fed. R. Civ. P. 23.

67. The allegations set forth in paragraph 67 of the Complaint are not factual allegations to which a response is required. To the extent a response is required, Epic admits that Plaintiffs seek to certify the identified class, however denies that this case is maintainable as a class action and/or that a class can be certified pursuant to Fed. R. Civ. P. 23.

68. The allegations set forth in paragraph 68 of the Complaint are not factual allegations to which a response is required. To the extent a response is required, Epic admits that Plaintiffs seek to certify the identified class, however denies that this case is maintainable as a class action and/or that a class can be certified pursuant to Fed. R. Civ. P. 23.

69. The allegations set forth in paragraph 69 of the Complaint are not factual allegations to which a response is required. To the extent a response is required, Epic admits that Plaintiffs seek to certify the identified class, however denies that this case is maintainable as a class action

and/or that a class can be certified pursuant to Fed. R. Civ. P. 23.

70. The allegations set forth in paragraph 70 of the Complaint are not factual allegations to which a response is required. To the extent a response is required, Epic admits that Plaintiffs seek to certify the identified class, however denies that this case is maintainable as a class action and/or that a class can be certified pursuant to Fed. R. Civ. P. 23.

71. Epic denies the allegations of paragraph 71 of the Complaint.

72. Epic denies the allegations of paragraph 72 of the Complaint.

73. Epic denies the allegations of paragraph 73 of the Complaint and avers that C.W. is one of only two minors who has ever sought to disaffirm a purchase from Epic.

74. Epic denies the allegations of paragraph 74 of the Complaint.

75. Epic denies the allegations of paragraph 75 of the Complaint.

76. Epic denies the allegations of paragraph 76 of the Complaint, including each subpart thereto.

77. Epic denies the allegations of paragraph 77 of the Complaint.

78. Epic denies the allegations of paragraph 78 of the Complaint.

79. Epic denies the allegations of paragraph 79 of the Complaint.

80. Epic denies the allegations of paragraph 80 of the Complaint.

81. Epic denies the allegations of paragraph 81 of the Complaint.

82. Epic denies the allegations of paragraph 82 of the Complaint.

83. Epic denies the allegations of paragraph 83 of the Complaint.

## VIOLATIONS ALLEGED

## COUNT I

## DECLARATORY JUDGMENT

84. Epic repeats and re-alleges each and every one of its responses to paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85. Epic admits that the Entertainment Software Rating Board rates *Fortnite: Battle Royale* at "T for Teen for Violence," pursuant to that organization's voluntary rating system. Epic refers Plaintiffs to the Entertainment Software Rating Board's website for an explanation of this

rating and avers that such ratings are advisory for parents; they are not binding or legally restrictive. It is up to parents to decide what games are appropriate for their children to play. The remainder of Paragraph 85 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 85 of the Complaint.

86. Paragraph 86 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 86 of the Complaint.

87. Paragraph 87 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 87 of the Complaint.

88. Paragraph 88 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 88 of the Complaint.

89. Paragraph 89 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 89 of the Complaint.

90. The allegations set forth in paragraph 90 consist of legal conclusions to which no response is required. To the extent a response is required, Epic denies the allegations of paragraph 90 of the Complaint, or that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

**COUNT II**

**VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (“CLRA”)**

**Cal. Civ. Code § 1750, *et seq.***

91. The allegations set forth in Paragraph 91 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic repeats and re-alleges each and every one of its responses to paragraphs 1 through 90 of the Complaint.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EPIC GAMES, INC.’S ANSWER TO FIRST AMENDED COMPLAINT

- 10 -

CASE NO. 4:19-CV-3629

92. The allegations set forth in Paragraph 92 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 92.

93. The allegations set forth in Paragraph 93 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 93.

94. The allegations set forth in Paragraph 94 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 94.

95. The allegations set forth in Paragraph 95 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 95.

96. The allegations set forth in Paragraph 96 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 96.

97. The allegations set forth in Paragraph 97 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 97.

98. The allegations set forth in Paragraph 98 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 98.

99. The allegations set forth in Paragraph 99 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 99.

100. The allegations set forth in Paragraph 100 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 100.

101. The allegations set forth in Paragraph 101 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 101.

102. The allegations set forth in Paragraph 102 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 102.

103. The allegations set forth in Paragraph 103 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 103, or that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

**COUNT III**

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

104. The allegations set forth in Paragraph 104 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic repeats and re-alleges each and every one of its responses to paragraphs 1 through 103 of the Complaint.

105. The allegations set forth in Paragraph 105 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no

response is required. To the extent a response is required, Epic denies the allegations of paragraph 105.

106. The allegations set forth in Paragraph 106 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 106.

107. The allegations set forth in Paragraph 107 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 107.

108. The allegations set forth in Paragraph 108 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 108.

109. The allegations set forth in Paragraph 109 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 109.

110. The allegations set forth in Paragraph 110 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 110.

111. The allegations set forth in Paragraph 111 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 111.

112. The allegations set forth in Paragraph 112 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no

response is required. To the extent a response is required, Epic denies the allegations of paragraph 112, or that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

**COUNT IV**

**NEGLIGENT MISREPRESENTATION**

113. Epic repeats and re-alleges each and every one of its responses to paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114. Paragraph 114 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 114 of the Complaint.

115. Paragraph 115 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 115 of the Complaint, including that Epic expressly misrepresented material facts to Plaintiffs or any members of the putative class.

116. Paragraph 115 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 115 of the Complaint.

117. The allegations set forth in paragraph 117 consist of legal conclusions to which no response is required. To the extent a response is required, Epic denies the allegations of paragraph 117 of the Complaint, or that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

**COUNT V**

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200**

118. Epic repeats and re-alleges each and every one of its responses to paragraphs 1 through 117 of the Complaint as if fully set forth herein.

119. Paragraph 119 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 119 of the Complaint, including that Plaintiffs or members of the putative class suffered an injury-in-fact and lost money due to Epic's alleged actions or omissions.

120. Paragraph 120 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 120 of the Complaint.

121. Paragraph 121 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 121 of the Complaint.

122. Paragraph 122 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 122 of the Complaint.

123. Paragraph 123 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 123 of the Complaint.

124. Paragraph 124 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 124 of the Complaint.

125. The allegations set forth in paragraph 125 consist of legal conclusions to which no response is required. To the extent a response is required, Epic denies the allegations of paragraph 125 of the Complaint, or that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

126. Paragraph 126 consists of a legal conclusion to which no response is required. To the extent a response is required, Epic denies the allegations set forth in paragraph 126 of the Complaint.

127. The allegations set forth in paragraph 127 consist of legal conclusions to which no response is required. To the extent a response is required, Epic denies the allegations of paragraph 127 of the Complaint, or that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EPIC GAMES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT - 15 - CASE NO. 4:19-CV-3629

**COUNT VI**

**RESTITUTION OR UNJUST ENRICHMENT**

128. The allegations set forth in Paragraph 128 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic repeats and re-alleges each and every one of its responses to paragraphs 1 through 127 of the Complaint.

129. The allegations set forth in Paragraph 129 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 129.

130. The allegations set forth in Paragraph 130 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 130.

131. The allegations set forth in Paragraph 131 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 131.

132. The allegations set forth in Paragraph 132 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 132.

133. The allegations set forth in Paragraph 133 of the Complaint were previously dismissed by Order of this Court dated September 3, 2020 (*see* Dkt. No. 72), accordingly no response is required. To the extent a response is required, Epic denies the allegations of paragraph 133, or that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is required, Epic denies that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Without admitting any of the facts alleged by Plaintiffs, Epic pleads the following separate and affirmative defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

1. The claims of Plaintiffs and/or putative class members are barred, in whole or in part, as neither the Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against Epic.

**SECOND AFFIRMATIVE DEFENSE**

**(ACTUAL AND PROXIMATE INJURY)**

2. The claims of Plaintiffs and/or putative class members are barred, in whole or in part, because Plaintiffs were not actually and proximately injured by way of any action(s) or omission(s) of Epic.

**THIRD AFFIRMATIVE DEFENSE**

**(FAILURE TO SATISFY FED. R. CIV. P. 23)**

3. This action is not properly maintainable as a class action under Fed. R. Civ. P. 23 because the proposed classes do not satisfy the requirements therein.

**FOURTH AFFIRMATIVE DEFENSE**

**(LACK OF DECEPTION OR MISREPRESENTATION)**

4. The claims of Plaintiffs and/or putative class members are barred, in whole or in part, because there was no deceptive act or practice, and no misrepresentation or omission by Epic.

**FIFTH AFFIRMATIVE DEFENSE**

**(LACK OF DETRIMENTAL RELIANCE)**

5. The claims of Plaintiffs and/or putative class members are barred, in whole or in part, because Plaintiffs and/or putative class members did not detrimentally rely upon any alleged deceptive conduct as alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

6. The claims of Plaintiffs and/or putative class members are barred, in whole or in part, because Plaintiffs and/or putative class members failed to mitigate, reduce, or otherwise avoid the damages allegedly suffered.

**SEVENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

7. The claims of Plaintiffs and/or putative class members are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(ADDITIONAL DEFENSES)**

8. Epic does not currently have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Epic reserves all defenses under the Federal Rules of Civil Procedure, the laws of the State of California, and any other defenses, at law or equity, that may now exist or in the future will be available based on discovery, investigation, or analysis in this case

**PRAYER**

**WHEREFORE**, Epic prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint and judgment be entered in favor of Epic and against Plaintiffs;

2. That the Court dismiss the Complaint with prejudice; and

3. Such other and further relief as the Court deems just and proper.

Dated: September 24, 2020

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Jeffrey S. Jacobson*
Jeffrey S. Jacobson (*pro hac vice*)
Matthew J. Adler
Ryan M. Salzman

Attorneys for Defendant
EPIC GAMES, INC.