Peter R Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Deepali A. Brahmbhatt (SBN 255646)
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd., East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Direct:       (650) 600-1298
Facsimile:    (949) 258-5081

John E. Lord (SBN 216111)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiff
C.W., a minor and through his Guardian, Rebecca White, on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| C.W., a minor, by and through his Guardian, Rebecca White, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> EPIC GAMES, INC., a North Carolina corporation, <br><br> Defendant. | Case No. 4:19cv3629-YGR <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(b);** <br><br> **CLASS ACTION** <br><br> Date: October 20, 2020 <br> Time: 2:00 pm <br> Courtroom: Video Conference <br><br> Judge Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | ISSUE TO BE DECIDED AND SHORT ANSWER | 1 |
| II. | SUMMARY OF PLAINTIFF'S ARGUMENT | 1 |
| III. | DEFENDANT'S FACTUAL ARGUMENTS CANNOT WARRANT AN IMMEDIATE APPEAL | 3 |
| IV. | THE LEGAL STANDARD FOR SECTION 1292 IS NOT MET | 4 |
| | A. The First Two Factors of Section 1292 Are Not Met | 4 |
| | B. The Third Factor of Section 1292, Requiring Materially Advance Ultimate Termination, Is Also Not Met | 5 |
| V. | DEFENDANT'S MOTION FOR LEAVE TO CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(B) SHOULD BE DENIED IN ITS ENTIRETY | 6 |
| | A. Defendant's Own Motion Concedes a Basis for Suit Exists thereby Undercutting its Very Contention that An Appeal Is Needed Due to Legal Bars | 6 |
| | B. Minors Are Well Within Their Rights to Request Refunds on Alleged Simple Purchases | 7 |
| | C. This Court Has Already Considered the Cited Opinions from the Other Courts and Defendant's 19th Century Cases Are Irrelevant | 8 |
| VI. | CONCLUSION | 8 |

i                                      Case No. 4:19cv3629-YGR
**PLF'S OPP'N TO DEF.'S MOT. FOR LEAVE TO CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(b);**

# TABLE OF AUTHORITIES

**Cases**   Page(s)

*A.D. v. Credit One Bank, N.A.*,
  885 F.3d 1054 (7th Cir. 2018) ............................................................................................. 2, 4, 7

*Couch v. Telescope*,
  611 F.3d 629 (9th Cir. 2010) ............................................................................................... 4, 5, 7

*In re Flor*,
  79 F.3d 281 (2d Cir.1996) ......................................................................................................... 7

*Hurley v. S. Cal. Edison Co.*,
  183 F.2d 125 (9th Cir. 1950) ............................................................................................... 1, 4, 7

*I.B. v. Facebook Inc.*,
  No. C. 12-1894 CW, 2013 WL 6734239 (N.D. Cal. Dec. 20, 2013) .......................................... 2, 7

*June Med. Servs. L. L. C. v. Russo*,
  140 S. Ct. 2103, 207 L. Ed. 2d 566 (2020) ................................................................................. 3

*Omni MedSci, Inc. v. Apple Inc.*,
  No. 19-cv-5924-YGR, 2020 WL 759514 (N.D. Cal. Feb. 14, 2020) ............................................ 5

*Union County v. Piper Jaffrey*,
  525 F.3d 643 (8th Cir. 2008) ..................................................................................................... 7

**Statutes**

28 U.S.C. § 1292 ............................................................................................................. *passim*

28 U.S.C. § 1292(b) ........................................................................................................ *passim*

Cal. Family Code § 6710 ................................................................................................. 1, 2, 3, 8

Unfair Competition Law ............................................................................................................ 1

**Other Authorities**

Fed. R. Civ. P. 12 .................................................................................................................. 1, 8

Fed. R. Civ. P. 52(a) ................................................................................................................. 3

## I. ISSUE TO BE DECIDED AND SHORT ANSWER

1. Whether Defendant's Motion for Leave to Certify under 28 U.S.C. § 1292(b) (ECF No. 73, "Motion") should be denied when there is an absence of substantial ground for any difference of opinion requiring "small-dollar amount" transactions to be excluded from the Family Code? Yes. First, the Motion cites no contrary authority that must be resolved. Second, the case law in fact is consistent with this Court's ruling. Third, Defendant's arguments are based on an improper and contested characterization of the facts. Fourth, the immediate appeal does not materially advance the ultimate termination of the litigation when counts of negligent misrepresentation and Unfair Competition Law fraudulent and unfair prongs based in tort law survive. Ultimately, just because Defendant does not like the outcome of a Rule 12 motion does not allow it to seek immediate appeal and bypass the litigation path that all parties must travel to finality.

## II. SUMMARY OF PLAINTIFF'S ARGUMENT

Defendant Epic Games, Inc. is a multi-billion-dollar private corporation. By maintaining its private corporate structure, Defendant faces less public scrutiny, does not have to release quarterly or annual reports to remain in compliance with the SEC, and in general has more freedom and flexibility with its governance. While profiting from the in-App purchases in *billions*, especially by those made by trustful and impressionable Minors making "small-dollar consumer transactions," Defendant trivializes those very purchases as "simple purchases." (Motion at 1, 3.)

Defendant proposes a new and allegedly "simple purchase" exception to California Family Code § 6710, well-established statutory law protecting Minors since 1992 and supported in Ninth Circuit case law since at least 1950. Cal. Fam. Code § 6710 (West); *Hurley v. S. Cal. Edison Co.*, 183 F.2d 125, 132 (9th Cir. 1950). Even if assuming arguendo such an exception is enacted, the statute would essentially lose its bite leading to ambiguous distinctions of what purchase are or are not "simple." In fact, the protection is primarily geared towards "simple purchases," and exceptions have already been outlined in statutory law. *Id.*

**PLF'S OPP'N TO DEF.'S MOT. FOR LEAVE CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant further characterizes in-App purchases in the Fortnite video game, primarily digital content, as "simple purchases of *already-consumed* entertainment services." (Motion at 1.) Such an assertion is egregious when "digital content" is simple software to begin with. Software cannot be consumed. Defendant makes one copy of the software and sells to million users, with no manufacturing costs in hardware, to make billion dollars in profit. This Court has correctly held that California allows for disaffirmance of services previously rendered to Minors. (Order regarding First Motion to Dismiss, ECF No. 54 at footnote 6.) Here, as noted, Defendant's "argument fails to persuade. Even if North Carolina law applied, defendant does not identify any case authority suggesting disaffirmation is not possible in the case of digital content that can be restored by the software developer." (Order regarding Second Motion to Dismiss, ECF No. 72 at footnote 4.)

Defendant's policy arguments related to sales of non-necessity goods to Minors fails on its face. To be sure, Defendant's practices are not in line with the already well-established industry standards for Minors. (*See* ECF No. 56, FAC ¶¶ 64-65, Apple, Google and Amazon in-app purchase policies.) Notably, the majority of online platforms allow for full refunds with no questions asked when a purchase is consummated by a Minor. (*Id.*) This is precisely because these major retailers recognize the reality of Minor's disaffirmance principles. At root, the idea that Apple, Google and Amazon have adopted these policies in the face of no legal obligations (just out of generosity) and that no law supports this Court requiring an immediate appeal simply lacks credibility. For this reason, Defendant cites no contrary authority.

Defendant concedes that *I.B.* applied the disaffirmation statute to a small-dollar entertainment purchase or any other simple purchase. (Motion at 4); *I.B. v. Facebook Inc.*, No. C. 12-1894 CW, 2013 WL 6734239, at *3 (N.D. Cal. Dec. 20, 2013). And a recent Seventh Circuit ruling, involving a Minor's use of a parent's credit card and applying the California Family Code § 6710, reached the same result consistent with this Court's ruling. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1062 (7th Cir. 2018). Accordingly, Defendant fails to establish that there is a substantial ground for difference of opinion. Quite the contrary, the Court's ruling lines up with

the extant case law. There being no substantial ground for a difference in opinions, the Motion should be denied.

Plaintiff requests that the Court deny the Motion.

### III. DEFENDANT'S FACTUAL ARGUMENTS CANNOT WARRANT AN IMMEDIATE APPEAL

The claims in this class action require an objective test and analysis of a reasonable person of a Minor's age standard to determine liability based on a child's navigation in the digital world (cyber world) of video-gaming. (*See generally* FAC.) Well-established tenets of contract and statutory laws protecting Minors apply equally in the world of technology. Against this, Defendant's motion advances factually controverted issues. But Section 1292 never offers any basis to take an immediate appeal due to factual disputes. *See* 28 U.S.C. § 1292 "("…controlling question of *law*…") (emphasis added). Thus, Defendant's factual contentions are dead on arrival.

First, Defendant provides no basis, in law or fact, to distinguish and carve out "small-amount" transactions through easy click software from California Family Code protecting Minors. The purpose of the California Family Code on Minors is to protect Minors from bad actors, such as Defendant, whose entire business is geared towards profiting in billions from minors making easy click "small-amount" transactions.

Second, Defendant's attempts at conclusory distinctions of transactions on VBucks, virtual game currency and those of digital content using VBucks, highlight the contested facts that are not ripe for appellate review. (Motion at 3-4.) "[T]he appellate court "is not to decide factual issues *de novo*." *June Med. Servs. L. L. C. v. Russo*, 140 S. Ct. 2103, 207 L. Ed. 2d 566 (2020). This action is in the early post-motion to dismiss stage and this Court has not had the opportunity to establish a full record with findings of fact. Fed. R. Civ. P. 52(a). These factual matters cannot form the basis for an emergency, immediate appeal, which mechanism is a black swan for genuinely debated legal questions. *See* 28 U.S.C. § 1292(b) "("…controlling question of law…").

Third, Defendant again makes the factual determination and conclusion that the Minor has already consumed the benefits of his purchases. But this Court has correctly held that California

allows for disaffirmance of services previously rendered to Minors. (Order regarding First Motion to Dismiss, ECF No. 54 at footnote 6; citing *Lopez v. Kmart Corp.*, No. 15-CV-01089-JSC, 2015 WL 2062606, at *7 (N.D. Cal. May 4, 2015) ("California's rules on disaffirmance are set forth in a statute; in other words, the legislature considered the relevant policy implications and arrived at chosen language. It is not for the Court to impose additional limitations or remove those that the legislature included based on its own policy rationale."). Here, as indicated, Defendant's "argument fails to persuade. Even if North Carolina law applied, defendant does not identify any case authority suggesting disaffirmance is not possible in the case of digital content that can be restored by the software developer." (Order regarding Second Motion to Dismiss, ECF No. 72 at footnote 4.)

Last, Defendant concedes and notes that factual disputes that remain, as to whether it was C.W. or another who made those transactions. (Motion at 7.) Accordingly, even under Defendant's own theory, factual questions remain. Such questions are simply not pure questions of law and this alone counsel against triggering Section 1292.

### IV. THE LEGAL STANDARD FOR SECTION 1292 IS NOT MET

Section 1292 is a very narrow and rarely adopted exception to the governing rule of finality for litigation: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). All three requirements must be expressly found to justify an early appeal. *Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010).

#### A. The First Two Factors of Section 1292 Are Not Met

The first two factors—that a controlling question of law exists and is subject to a substantial ground for a difference in opinion—is not a placeholder for anyone who wants to make any kind of argument about the law. Rather, courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of

4     Case No. 4:19cv3629-YGR
**PLF'S OPP'N TO DEF.'S MOT. FOR LEAVE CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(b)**

appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.*

Here, these factors are not remotely met. The case law from the Ninth and Seventh Circuits is squarely in accord as seen in *Hurley* and *A.D.* Thus, there is in fact no difference of opinion, let alone the higher standard of a substantial one among the circuits that would require leaping into an appeal. Moreover, even when a novel legal issue is presented and a court is the first to address a new area of law or technology, that does not *ipso facto* allow Section 1292 to be invoked. *Couch*, 611 F.3d at 633.

### B. The Third Factor of Section 1292, Requiring Materially Advance Ultimate Termination, Is Also Not Met

Defendant's assertion that an interlocutory appeal will advance "ultimate termination" lacks merit given the contested facts and incomplete record. Allowing the case to advance at this stage, allows both parties to engage in discovery that will significantly simplify and streamline this case for all claim counts. In contrast, an interlocutory appeal of such order will create more delay and complication of the case. Discovery may have to be bifurcated, leading to duplicate discovery efforts wasting the parties as well as the Court's time and resources.

First, the claim counts, here, involve negligent misrepresentation and UCL's unfair and fraudulent prongs that apply independent of the issues around disaffirmance. Such counts are outside the scope of contract and based in tort law. Full scope of discovery is needed and will allow opportunity to establish the full record into Defendant's practices and operations that support Minor Plaintiff's claims.

Second, Defendant's reliance on *Omni MedSci* is misplaced. (Motion at 1, 6); *Omni MedSci, Inc. v. Apple Inc.,* No. 19-cv-5924-YGR, 2020 WL 759514, at *1 (N.D. Cal. Feb. 14, 2020). *Omni MedSci* involved a question of standing and subject matter jurisdiction in an unopposed motion that required contract law interpretation on an assignment of patent rights in an employment agreement. Here, the facts are contested, and Defendant's characterization is not a simple issue of law that can be resolved by the Ninth Circuit without a full record of facts that can

**PLF'S OPP'N TO DEF.'S MOT. FOR LEAVE CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(b)**

only be established in this Court. Appellate review would be premature. In short, *Omni MedSci* is simply inapposite and does not justify interlocutory review.

Last, Defendant's attempt to characterize in-App Purchases as "small-dollar consumer transactions" that fall outside the scope of contract law is contrary and inconsistent with its prior position. In its Motion to Arbitrate or Transfer, Defendant explicitly claimed application of contract law through its EULAs.

In short, an interlocutory appeal of any order will impede, rather than advance, the ultimate termination of the litigation. Finally, Section 1292's last factor does not swallow the rule and allow every case at every early stage to go straight to appeal.

## V. DEFENDANT'S MOTION FOR LEAVE TO CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(B) SHOULD BE DENIED IN ITS ENTIRETY

### A. Defendant's Own Motion Concedes a Basis for Suit Exists thereby Undercutting its Very Contention that An Appeal Is Needed Due to Legal Bars

Defendant appears to suggest that each minor should file a lawsuit against Defendant to request a refund. In the R.A. case, Defendant refunded the small-dollar amount to R.A. and got a dismissal of his action. (Motion at 8, footnote 2.) That being the case, how can it contend that there is no basis in law whatsoever for this action such that an immediate appeal is warranted? If direct actions are viable or preferred, then a legal basis exists, and Defendant cannot ask this Court in equity to exercise its discretion and conclude that there is a controlling question of law that may act as a legal bar to the suit.

Defendant's attempt to characterize in-App Purchases as "small-dollar consumer transactions" that fall outside the scope of contract law is contrary and inconsistent with its prior positions in briefings on its Motion to Arbitrate or Transfer and two Motions to Dismiss. Defendant's argument now highlights the problem with its standards of operation and a need to class certify this action to protect all minors in California and nationwide.

**B.    Minors Are Well Within Their Rights to Request Refunds on Alleged Simple Purchases**

Defendant attempts to carve out a new exception of "simple purchases" with no basis in law. In doing so, Defendant highlights and concedes the basis for the lawsuit – Defendant's lining of its own pockets by allowing impressionable minors to make "simple purchases" that are of "small-dollar amounts." Minor Plaintiff's Complaint alleges this very behavior - receipt of "onesie-twosie" expenses that escape the radar. (ECF No. 56, FAC ¶ 56.)

Without any basis, Defendant contends that small-amounts-in-transaction and an absence of lawsuits involving small-amounts is an indication that the law is silent or ambiguous or in its favor. Not so. Most online platforms will refund transactions by minors with no questions asked. (*See* ECF No. 56, FAC ¶¶ 64-65, Apple, Google and Amazon in-app purchase policies.) These mega companies have legions of lawyers and a home court advantage in California, and they follow this policy not out of benevolent charity, but because the law demands it. That Defendant wants to contend that the law is to the contrary of the behavior of these companies only shows the absence of merit to its position, not an exceptional basis to certify the matter for immediate appeal. Defendant has been notorious in implementing a policy that defies well-established industry standards and promotes its own profit motive. This Court's decision is proper in allowing Minor Plaintiff an opportunity to establish the full record leading to class certification and Defendant's liability.

At root, Defendant disagrees with the state of California law as held by this Court. But that is never enough to justify an interlocutory appeal. *See Couch*, 611 F.3d at 633 ***("[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.' That settled law might be applied differently does not establish a substantial ground for difference of opinion***.") (emphasis added). Thus, it is well settled that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir.1996); *see also Union County v. Piper Jaffrey*, 525 F.3d 643, 647 (8th Cir. 2008) (holding that

a "dearth of cases" does not give rise to a substantial ground for difference of opinion). These principles eclipse this appeal because even if Defendant wants to argue for a common law created exception to the Family Code statute, such legal maneuverings do not trigger a basis to apply Section 1292.

### C. This Court Has Already Considered the Cited Opinions from the Other Courts and Defendant's 19th Century Cases Are Irrelevant

Defendant cites *Paster, E.K.D., Morrow, Gillis, Doe #1*, all of which were already cited in its second motion to dismiss. (ECF No. 59.) These cases were already addressed in Minor Plaintiff's opposition. And, *Hurley*, *Facebook*, and *A.D.* are all consistent with the Court's decisions, indeed cited by this Court, and none state such remarkable propositions of law that require an immediate appeal. In short, there is no massive issue of debatable law that requires an immediate appeal. Defendant like all the other parties who lose Rule 12 motions must proceed to finality.

Defendant further cites case law from the 1800s to support its proposition that Minors should not be allowed to disaffirm. (Motion at 9.) Much happened in the legal system in the 1800s to children (and women and minorities no less); and much of such legal frameworks are totally irrelevant in terms of application to the legal world today. Any ancient common law case law has now been abrogated by positive statutory law protecting children and establishing modern contract standards (Cal. Fam. Code § 6710). Citation to irrelevant, pre-statutory case law offers no basis to justify jumping the line of cases and going straight to an appeal. The Court's ruling is consistent with the only relevant law.

## VI. CONCLUSION

Respectfully, for these reasons and such other reasons as may appear just to the Court, this Court should deny Defendant Epic Games, Inc.'s Motion for Leave to Certify Question pursuant to 28 U.S.C. § 1292(b).

/ / /

/ / /

|     |     |
| --- | --- |
| Dated: September 28, 2020 | **ONE LLP** |
|     | By: /s/ Deepali A. Brahmbhatt<br>Deepali A. Brahmbhatt<br>Peter R. Afrasiabi<br>John E. Lord |
|     | Attorneys for Minor Plaintiff, C.W., by and through his Guardian Rebecca White |